# Richmond.

## STRAYER v. LONG'S EX'OR.

### NOVEMBER 19, 1896.

1. HOMESTEAD—*Lien of Judgment on Excess—Subsequent Liens Paramount to Homestead.*—A judgment creditor who has the first lien on real estate of his debtor worth nearly $30,000, has the right to subject the same to the payment of his judgment, though his debt contains no waiver of the homestead exemption, and the subsequent liens which are paramount to the homestead are in excess of the whole value of the land. If the debtor claims the homestead it may be set apart to him, and the judgment paid out of the residue, but, if necessary to pay subsequent liens which are paramount to the homestead, the land so set apart should be subjected.

Argued at Staunton. Decided at Richmond.

Appeal from a decree of the Circuit Court of Shenandoah county, pronounced September 7, 1894, in a suit in chancery wherein the appellee was the complainant, and the appellant was the defendant.

*Affirmed.*

The opinion states the case.

*John E. Roller,* for the appellant.

*Walton & Walton,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The sole question involved in this appeal is whether or not the appellant, Joseph B. Strayer, is entitled to a home-

stead exemption out of the fund under the control of the
Circuit Court of Shenandoah county in the chancery cause
of "Michael Long's Ex'or., &c. v. Strayer, &c." as against the
judgment of Long's Ex'or.

This suit was instituted by Long's Ex'or., on behalf of
himself, and all lien creditors of Strayer, to subject his real
estate to the payment of the liens thereon. The sales of this
real estate amounted to $29,333.93 as of March 1, 1890, and
the liens reported were far in excess of this sum, and divided
into as many as six classes—Long's judgment which had
been duly recorded being the first in priority. The liens
subsequent to Long's judgment are deeds of trusts and judg-
ments, the two deeds of trust being classed as two and three.

The Circuit Court by its decree at the January term, 1893,
referred the cause to a commissioner to enquire and report
upon the claim of Strayer to a homestead exemption out of
the fund, and to what relief, if any, he was entitled, by rea-
son thereof.

Conceding that the claim of homestead had been regularly
made by Strayer, the commissioner says: "The judgment of
M. Long was the first judgment and oldest lien, and para-
mount to the trust deeds, and there was sold altogether to
pay the liens the large amount of property which brought
March 1, 1890, the sum of $29,333.93, as much as $27,333.94
above the homestead exemption, out of which the Long
judgment ought to have been first paid, leaving the $2,000
(homestead exemption) to be taken up by waiver judgments.
When Long's judgments (upon which a balance of $2,061.08
is due) was enforcible, there was at least the sum of $12,-
843.94 applicable to the judgment, and there being more
than $2,000 in property and assets the Long debt had still
$10,843.94 of assets or property to call upon for satisfaction."

"Had there been but one (the Long) judgment lien on
the said property, worth say $30,000, it certainly could have
been enforcible, as there was $28,000 worth of property out

of which to carve homestead and set it apart to homesteader, and when the judgment was obtained, and for some months thereafter, there was but one lien, and the conveyances, and waiver judgments subsequent thereto, were the act of J. B. Strayer himself, and must not work to the prejudice of the existing rights of Long."

This view of the commissioner is plainly right. When Long obtained his judgment and caused it to be docketed, his lien was perfect and complete and could not be defeated or impaired by any act of his debtor in which he did not participate. His debtor owned property far more than sufficient to satisfy the judgment and any claim of homestead which the debtor was entitled by law to make. That other liens were subsequently acquired against the judgment debtor by deed of trust, and by judgment upon contracts which waived the homestead, is a question in which Long has no concern, but affects only those who acquired rights subordinate to his. Long's judgment constitutes the first and paramount lien, and must be paid, and then the other liens in the order of their priority, and as those liens are either by deed of trust, or judgments upon contracts which waive the homestead, they too must be paid.

There is no error in the decree appealed from, and it is therefore affirmed.

*Affirmed.*