In re Gary Ray WEBB, Sr. and Nancy Louise Barlow Webb, Debtors.

Gary Ray WEBB, Sr. and Nancy Louise Barlow Webb, Plaintiffs,

v.

ROBERT A. BOROUGHS, LTD. and David E. Satterfield, IV, Trustee, Defendants.

Bankruptcy No. 82–01799–R.
Adv. No. 83–0311–R.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

April 17, 1984.

Robert E. Hyman, Richmond, Va., for plaintiffs.

Stanley K. Joynes, Richmond, Va., for defendant.

David E. Satterfield, IV, Richmond, Va., for codefendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court on the filing of a motion to avoid a judicial lien by the debtors, Gary R. Webb, Sr., and Nancy L.B. Webb. The parties filed a stipulation of facts and memoranda of law in support of their respective positions. After considering the argument by counsel for the parties and the applicable law, this Court renders the following findings of fact and conclusions of law.

## STATEMENT OF FACTS

The plaintiffs, Gary R. and Nancy L. Webb ("the Webbs"), entered into a contract ("the contract") with the defendant, Robert A. Boroughs, Ltd. ("Boroughs") dated April 10, 1980, whereunder the Webbs gave Boroughs the right to buy, sell, or dispose of, as Boroughs saw fit to do, the premises located at 11 Timber Ridge Road in New Kent County, Virginia ("the subject property") under a buyout formula specified in the contract, the same waiving homestead. A dispute arose between the parties with respect to the contract and Boroughs brought suit in the Circuit Court of New Kent County, Virginia seeking enforcement of the contract and praying that the Webbs be ordered specifically to perform the contract.

The New Kent Court declined to order specific performance of the contract, but entered judgment against the Webbs on the contract and in favor of Boroughs in the amount of $25,400.72 by a decree dated June 23, 1982. Thereafter, on January 17, 1984, the Court entered an Order *nunc pro tunc* to June 23, 1982, specifying that the judgment was upon an instrument waiving homestead. On or about October 16, 1982, Boroughs filed a Bill of Complaint in the Circuit Court of New Kent County, Virginia (Chancery No. C–51–82) seeking to enforce its judgment lien against the subject property.

Gary R. Webb filed a homestead deed on November 3, 1982, in the Circuit Court of New Kent County, Virginia in which Mr. Webb exempted his claimed equity of $3,300.00 in the subject property. Nancy L. Webb filed a homestead deed on November 3, 1982, in the Circuit Court of New Kent County, Virginia in which Mrs. Webb exempted her claimed equity of $4,700.00 in the subject property.

The Webbs filed in this Court a joint petition dated November 1, 1982, under Chapter 7 of the Bankruptcy Code on November 4, 1982. On or about January 20, 1983, the Trustee for the bankrupt estate, John F. Ames, filed a Revised Notice of Intention to Abandon the subject property. This Notice recited that there existed valid liens against the property in favor of the Federal Land Bank of Baltimore, Robert A. Boroughs, Ltd., and Westover Mortgage Corporation. By Order dated March 23, 1983, this Court ordered the Trustee to abandon his interest, if any, in the subject real property. This Order was endorsed by counsel for the Webbs and Boroughs. On April 12, 1983, this Court granted each of the Webbs a discharge.

The subject property having been abandoned as an asset of the estate, and the debtor having been discharged, the holder of the first deed of trust on the subject property, the Federal Land Bank of Baltimore, initiated foreclosure proceedings against the subject property. A dispute arose between the holder of a second deed of trust, Westover Mortgage Corporation, and Boroughs as to the priority of their respective liens at foreclosure, and each party moved the New Kent County Circuit Court to enjoin the Federal Land Bank of Baltimore from conducting the foreclosure sale. By Order dated June 16, 1983, the Circuit Court of New Kent County, after notice to the Webbs, enjoined the Federal Land Bank of Baltimore from conducting a foreclosure sale with respect to the subject property for a period of sixty days.

On a date prior to July 7, 1983, the Webbs' attorney, Joseph E. Blackburn, Jr., contacted Boroughs' counsel regarding the Webbs' position with respect to the action pending in the New Kent County Circuit Court. Boroughs' attorney indicated to Blackburn that, in his judgment, Boroughs' judgment lien had priority over the Webbs' homestead claim. Boroughs' attorney then furnished Blackburn with copies of case authorities concerning the question whether the Webbs could, at that time, file a motion to avoid Boroughs' judgment lien pursuant to 11 U.S.C. § 522(f). By letter dated July 7, 1983, Boroughs' attorney furnished Blackburn with a copy of the contract in which the Webbs waived their homestead exemption and which formed the basis for Boroughs' judgment lien. On July 7, 1983, the Webbs, through Blackburn, filed a Notice in the New Kent County Circuit Court action stating that the Webbs would appear on July 18, 1983, and move the Court for leave to file an Answer in that action. No action was deemed necessary by the Webbs on this motion.

The priority dispute between Westover Mortgage Corporation and Boroughs was compromised prior to the scheduled hearing on the merits. Westover Mortgage Corporation, the holder of a second deed of trust on the subject property, initiated foreclosure proceedings and provided notice of a Trustee's Sale of the property to Blackburn with a letter of August 2, 1983. This notice provided that the Trustee's Sale would be held on August 16, 1983, at 2:00 p.m. at the New Kent County Courthouse.

On the advice of Boroughs' attorney that Boroughs' lien was senior to the Webbs' homestead exemption under Virginia law and that the Webbs had failed to file a motion to avoid Boroughs' lien pursuant to 11 U.S.C. § 522(f), Boroughs arranged for financing in anticipation of the sale. As part of the financing arranged by Boroughs, Boroughs secured a commitment from the holder of the first deed of trust on the subject property, the Federal Land Bank of Baltimore, that the holder would not call the underlying note for a period of one year. In exchange for this commitment, Boroughs remitted the sum of $13,300.75 to the holder, $5,489.04 of which was placed in escrow as payment in advance for the debt service on the note for one year, while the remainder represented the arrearages and costs resulting from the Webbs' default under the note.

On August 16, 1983, at 2:00 p.m., Boroughs appeared through his attorney prepared to bid on the property; however, the Trustee, David E. Satterfield, IV, had received a telephone call that day from the Webbs requesting that the sale not go forward. Satterfield indicated to the Webbs that the sale would go forward as scheduled, but that he would not commence the sale until such time as the Webbs could be present. At approximately 3:00 p.m. on August 16, 1983, the Webbs appeared and the auction was commenced.

Boroughs was the last and highest bidder and the property was sold to Boroughs accordingly, obligating Boroughs to pay the purchase price therefor. Boroughs then paid to the holder of the second deed of trust, Westover Mortgage Corporation, the sum of $7,183.80, representing the unpaid principal, interest, late charges, and attorney's fees that had accrued on the underlying note and the costs of foreclosure. Thereafter, the Trustee tendered his deed to Boroughs and it was duly admitted to record on September 1, 1983.

At the time the property was conveyed by the Trustee to Boroughs, the Webbs had lived in the subject property in excess of one year without servicing the notes against the property and without paying a rental charge for the use of the property, all of which was done on the advice of counsel.

In light of the conflicting positions of the parties with respect to their respective priorities concerning the proceeds of the sale, and inasmuch as the Trustee, Boroughs' attorney, and the Webbs' attorney had been discussing the priorities since August, 1983, the Trustee directed the parties to submit the briefs setting forth the law supporting their claims. The Webbs, through their attorney, Robert Hyman, submitted a letter memorandum to the Trustee on or about August 29, 1983 and Boroughs, through his attorney, Bruce Arkema, did the same on or about October 19, 1983. Both parties agreed in these memoranda that Virginia law was controlling. Upon reviewing these memoranda, the Trustee was unable to establish the correct order of priority of the parties' claims. Thereafter, on October 21, 1983, the Webbs filed in this Court a Motion to Avoid Lien which forms the basis for this proceeding.

## CONCLUSIONS OF LAW

The issue before the Court is whether the debtors may avoid a lien held by the defendant, Robert A. Boroughs, Ltd., ("Boroughs") against proceeds of a foreclosure sale of the debtors' residence in which the debtors had properly claimed their homestead exemption. Stated differently, the matter before the Court is whether for purposes of 11 U.S.C. § 522(f) Boroughs' judgment lien impairs an exemption held by the debtors.

In response to the debtors' brief in support of its motion to avoid the judicial lien, Boroughs has argued that 1) the court lacks subject matter jurisdiction over the claim asserted in the debtors' motion to avoid lien; 2) that the claim is barred by the doctrine of res judicata; 3) that the state court judgment is not subject to collateral attack in this proceeding; 4) that the final judgment of the Virginia court precludes the debtors from asserting that

their homestead exemptions are senior to Boroughs' judicial lien; 5) that a prior judicial lien under Virginia law takes priority over homestead exemption; 6) that the debtors' claim is barred by the doctrine of laches; and 7) that the debtors' motion fails to state a claim upon which the requested relief can be granted. Counsel for the debtors has filed a lengthy response to the defendants' allegations and the defendant has in turn filed a brief in rebuttal to the debtors' reply brief.

The extensive briefing of the legal issues raised by the debtors' motion for lien avoidance has somewhat clouded the relatively simple issue before the Court. The debtors brought this matter on by filing a motion pursuant to 11 U.S.C. § 522(f)(1) to avoid a judicial lien held by the defendants. Section 522(f)(1) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; ....

11 U.S.C. § 522(f)(1). Therefore, the debtor in the instant matter may avoid the defendant's lien if the following is established: 1) that the debtors have an interest in the property; 2) that the debtors have properly claimed an exemption in the property; 3) that the claimed exemption is an exemption to which the debtors are entitled under subsection (b) of § 522; and 4) that the lien sought to be avoided is a judicial lien.

The Court will address these four criteria in inverse order. First, it appears quite clear and is well settled that a judgment lien is a "judgment lien" for purposes of § 522(f). 11 U.S.C. § 101(27). Second, the exemption which the debtor alleges to be impaired by the defendants' lien is the claimed homestead exemption under Vir-

ginia law. Section 522(b) provides as follows:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b). Virginia has "opted-out" of the federal exemption scheme as permitted by § 522(b)(1). *Va.Code* § 34–3.1 (Cum.Supp.1983). Therefore, the only exemptions available to Virginia debtors are those specified by Virginia law. The exemption claimed in the instant matter by the debtor is the Virginia homestead exemption which is available to Virginia debtors. *Va.Code* § 34–4 (Repl. Vol. 1976 & Cum.Supp.1983). Thus, this Court is able to find that the exemption which is allegedly impaired by the defendant's lien is "an exemption to which the debtor would have been entitled under subsection (b) of [§ 522(f)]...." 11 U.S.C. § 522(f).[1]

■ Third, this Court must determine whether Boroughs' lien impairs the debtors' claimed homestead exemption. Stated differently, this inquiry involves addressing the question of whether the debtor would be entitled to an exemption in the property if Boroughs' lien did not otherwise exist. In the instant matter, the trustee under the

---

**1.** Under Virginia law it appears that the debtor could file a homestead deed after foreclosure but before dispersement by the trustee under the deed of trust and, thereby, properly claim

an exemption in foreclosure proceeds that exceeded prior liens. *Cf. Wilson v. Virginia National Bank,* 214 Va. 14, 196 S.E.2d 920 (1973).

deed of trust is holding a letter of credit for $8,000.00 as proceeds of the sale of the debtors' residence in which the debtor had properly claimed their homestead exemption. Although a claimed exemption cannot prevent a creditor from selling the property in which an exemption is claimed, if such property is sold the homestead exemption attaches to the proceeds of that sale. *See, Hawpe v. Bumgardner,* 103 Va. 91, 48 S.E. 554 (1904); *Strayer v. Long,* 93 Va. 695, 26 S.E. 409 (1896). Therefore, if Boroughs has a lien on the $8,000.00 to which the debtors' homestead exemption has now attached, then the debtors' exemption provided by § 522(b) is impaired by Boroughs' lien. Thus, if Boroughs has a lien and the debtors have an interest in the property in which an exemption has been claimed, then the lien is one which impairs the debtors' exemption and, therefore, may be avoided pursuant to 11 U.S.C. § 522(f)(1).

■ The fourth and final aspect of the criteria is whether the debtor has an interest in the property in which an exemption has been claimed. Boroughs seems to argue that once the foreclosure sale is completed, the debtor loses any interest in the property and, therefore, § 522(f) lien avoidance is unavailable to the debtor because of this lack of interest in the property. Clearly, the debtor had an interest in the real property that was their residence prior to foreclosure because they were the record owners and in possession of said property. Similarly, the debtors have an interest in the foreclosure sale and the ultimate sale price of the realty in that to the extent that prior liens are satisfied any coverage inures to the benefit of the debtors. In the instant matter, there was equity in the property for the debtors. "Equity" for purposes of § 522(f) is defined as the fair-market value of the property less any unavoidable liens. *See In re Fitzgerald,* 729 F.2d 306 (4th Cir.1984). This Court is satisfied that the debtors' equity in the property constitutes a sufficient interest in the property for satisfying the test of § 522(f).

■ With the above in mind, it appears clear that the debtor has an interest in the $8,000.00 held by the trustee under the foreclosed deed of trust, that the exemption claimed by the debtor is an exemption available to him and has been properly claimed, that Boroughs has a judgment lien which for purposes of § 522(f) is a "judicial lien", and that said lien impairs the debtors' properly claimed exemption in the $8,000.00 in that if Boroughs lien did not otherwise exist the debtors would have a right to the $8,000.00 unencumbered by any lien.

■ Boroughs has raised a variety of ancillary arguments opposing the debtors' requested relief. First, the defendant alleges that this Court lacks jurisdiction to entertain this lien avoidance action because the lien sought to be avoided was extinguished by the foreclosure sale and, therefore, there is no lien over which the court can exercise jurisdiction. This argument seems to be without merit. At the time of the foreclosure, the debtors' homestead deeds had been duly recorded. Moreover, the foreclosure sale occurred subsequent to the filing of the debtors' petition in bankruptcy. In any event, it appears that Boroughs' judgment lien is not extinguished but attaches to the proceeds of the foreclosure sale, which is the subject of this litigation. Therefore, a judgment lien exists over which this Court can and will exercise jurisdiction. Moreover, the dispute involves a claim of exemptions and the use of a peculiarly federal right. Both aspects of the case provide this Court with jurisdiction.[2]

■ Secondly, the defendants argue that the debtors' claim is untimely because the lien avoidance action was brought after the debtors received their discharge in bankruptcy. The cases addressing this issue seem unanimous in permitting the debtor

---

**2.** The defendant has not alleged that this Court lacks jurisdiction for any reason arising out of the U.S. Supreme Court's decision in *Northern* *Pipeline v. Marathon Pipeline,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

to use the provisions of 11 U.S.C. § 522(f) even after the debtor has received his discharge. *See, e.g., In re Tarrant,* 19 B.R. 360 (Bankr.D.Ark.1982); *In re Montney,* 17 B.R. 353 (Bankr.E.D.Mich.1982). In addition, some cases have permitted the debtor to use the lien avoidance provisions of § 522(f) even after the case has been closed. *See, e.g., In re Hall,* 22 B.R. 701 (Bankr.E.D.Pa.1982). In fact, the United States Court of Appeals for the Fourth Circuit has quite recently stated that it is a matter of the bankruptcy court's discretion as to whether a debtor may utilize § 522(f) after a case has been closed. *In re Hawkins,* 727 F.2d 324, 326 (4th Cir.1984). In the instant matter, we are not faced with a case that has been closed, but rather only where the discharge has been granted. Thus, this Court believes that it would not be an abuse of discretion and, in fact, that in light of the fact that the objecting creditor has demonstrated no hardship or inequitable conduct by the debtor it would be in line with the majority view that the debtor may utilize the provisions of 11 U.S.C. § 522(f) after the debtors have been granted a discharge. For the same reasons, the Court believes the defendants' argument that the debtors' motion should be barred due to laches is without merit.

Third, the defendants also argue that the homestead waiver agreed by the debtors prevents them now from attempting to avoid their judgment lien based on an alleged impairment of the debtors' homestead exemption. This Court can easily discard this argument by the defendant by citing the defendant to the specific language of 11 U.S.C. § 522(f) which provides, "Notwithstanding any waiver of exemptions." This provision clearly demonstrates that in bankruptcy, a waiver of homestead is unenforceable.

Finally, Boroughs argues that the debtors have failed to state a claim upon which the requested relief can be granted because the debtors must join their lien avoidance motion with a motion for a declaratory judgment that such lien has been avoided. Boroughs' argument in this regard is hypertechnical and the failure of the creditor to bring this argument before the Court initially as a motion under Federal Rule of Civil Procedure 12(b)(6) demonstrates this fact. Without addressing this argument any further, suffice it to say that this Court is satisfied that the debtors' motion for a lien avoidance satisfactorily placed Boroughs on notice of what relief the debtors sought, on what basis such relief relied and that said motion stated a claim upon which relief could be granted.

For the reasons discussed herein, it is the opinion of this Court that the debtors' motion for lien avoidance should be granted.

An appropriate Order will issue.