**In re Timothy W. BREAUX, Debtor.**

**Bankruptcy No. 85–01848.**

United States Bankruptcy Court,
M.D. Alabama, N.D.

Dec. 5, 1985.

Earl Gillian, Jr., Gillian & Gillian, Montgomery, Ala., for debtor.

B. Blaine Brown, Wood, Minor & Parnell, Montgomery, Ala., for Baptist Medical Center.

## ORDER ON MOTION TO AVOID JUDICIAL LIEN

A. POPE GORDON, Bankruptcy Judge.

The motion of the debtor to avoid the judicial lien of Baptist Medical Center, creditor, was heard December 3, 1985. Present were counsel for the debtor and counsel for the creditor.

The creditor obtained a judgment against the debtor in the amount of $2,100 on February 12, 1985. The judgment was subsequently filed of record on April 4, 1985, in the Office of the Judge of Probate of Montgomery County, Alabama, in Real Property Book 716, at page 568. Under Alabama law the judgment and recording of the judgment create a lien in the county where recorded on all property of the debtor which is subject to levy and sale under execution. The lien continues for ten years. *Ala.Code* § 6–9–211 (1975).

The debtor seeks to avoid the creditor's lien. The debtor's concern that the lien may otherwise have some impact on his financial future for the next ten years is understandable. The debtor seeks relief under 11 U.S.C. § 506(d) and § 522(f)(1).

■ The court concludes that relief under § 506(d) cannot be granted in this proceeding. The court agrees with the debtor that this section allows a debtor to void a lien that is not an allowed secured claim. Further, it does appear that the claim of this judicial lien creditor may be unsecured. However, Rules 7001(2) and 7003 of the Federal Rules of Bankruptcy Procedure provide that relief under § 506(d) cannot be granted by motion. Rule 7003 provides that an adversary proceeding must be commenced by filing a complaint. Rule 7001(2) includes as an adversary proceeding a proceeding to "determine the validity, priority, or extent of the lien or other interest in property, other than a proceeding under Rule 4003(d)". While relief under § 506(d) is not available in this proceeding, this order does not prejudice the right of the debtor to file an adversary proceeding under § 506(d).

■ The court concludes that relief under § 522(f)(1) is available but such relief is limited. Section 522(f)(1) allows the debtor to avoid a judicial lien but only to the extent that such lien impairs an exemption to which the debtor would otherwise be entitled. Thus, the judicial lien may not be avoided to the extent that it reaches non-exempt property of the estate or property acquired by the debtor after bankruptcy. That is not to say that after-acquired property may not under State law escape the lien. The only holding here is that the exempted property owned on the date of the order of relief is free of the lien and remains so after bankruptcy. This result is consistent with the intent of Congress reflected by legislative history:

> Subsection (f) protects the debtor's *exemptions*, his discharge, and thus his fresh start by permitting him to avoid certain liens on *exempt* property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien, and may similarly avoid a nonpurchase-money security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions. (Emphasis added)

House Report No. 95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6318.

■ Both the motion and response question whether the creditor's ten-year judicial lien on all property of the debtor, avoided to the extent that the lien reaches exempted property owned at bankruptcy, can nonetheless reach property acquired by the debtor after bankruptcy. While there is no doubt that the court could decide this issue in an adversary proceeding under § 506(d), the issue cannot be determined under the limited scope of § 522(f)(1). Accordingly, it is

ORDERED that the judicial lien of this creditor on the property of the debtor subject to such lien by State law is declared void to the extent that such lien impairs the

property exemptions of the debtor claimed and allowed in these proceedings.