**In re Douglas Ray SCHROEDER and Ann Denice Schroeder, Debtors.**

**Douglas Ray SCHROEDER and Ann Denice Schroeder, Plaintiffs,**

v.

**FIRST UNION NATIONAL BANK OF VIRGINIA, Defendant.**

Bankruptcy No. 91–4–4265–SD.
Adv. No. 93–A–241–SD.

United States Bankruptcy Court, D. Maryland.

Oct. 5, 1994.

William R. Feldman, Richard B. Hill, Protas & Spivok, Chartered, Bethesda, MD, for defendant.

Scott Robinson, Stern and Connelly, Camp Springs, MD, for plaintiffs.

### *MEMORANDUM OPINION*

DUNCAN W. KEIR, Bankruptcy Judge.

Douglas Ray Schroeder and Ann Denice Schroeder (hereinafter "Debtors"), filed a petition under Chapter 7 of the United States Bankruptcy Code on September 9, 1991. The Debtors listed as an asset, real property known as 596 Counsel Oaks Drive, Waldorf, Maryland ("Property"), and valued the Property at $112,000.00 in Schedule A. The Debtors listed two consensual creditors as creditors secured by liens on the Property in the total aggregate amount of $111,000.00. On their Schedule C, Debtors claimed as exempt the $1,000.00 amount of equity in the Property. First Union, the defendant in this adversary proceeding, was scheduled as an unsecured creditor holding claims for an aggregate $178,000.00.

The Chapter 7 Trustee filed a Report of No Assets for Distribution and subsequently a discharge was entered in the case. Thereafter, on April 20, 1992, the case was closed. On April 8, 1993, upon a Motion by the Debtor, an Order to Reopen Case was entered. The Debtors then amended their Schedule C to exempt $11,000.00 in the subject Property and filed the instant adversary proceeding against First Union. In this adversary proceeding, the Debtors seek to avoid the judgment liens held by First Union for claims which First Union holds against the Debtors. According to the averments set forth in First Union's Motion for Summary Judgment, First Union holds judgments in the principal amounts of: (1) $3,560.77, (2) $50,000.00, (3) $41,750.00, and (4) $82,065.33 (collectively, "Judgments"). Debtors bring this action pursuant to 11 U.S.C. § 522(h) of the Bankruptcy Code averring that the judgments are avoidable by a trustee as a transfer pursuant to 11 U.S.C. § 547 because the judgments effectuated a preferential transfer of an interest of the Debtors in the property.

Each party has filed its own Motion for Summary Judgment and corresponding Oppositions to opponents' Motions. A hearing was held on the Cross Motions for Summary Judgment and the matter was held under advisement. Defendant filed a Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment, which the court has also considered.

Summary judgment is appropriate upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRBP 7056(c); *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 973 (4th Cir.1990); *In re Humphrey*, 165 B.R. 578, 579 (Bankr. D.Md.1993) (citations omitted). The parties agree to the relevant facts from which this court shall render its decision. Accordingly, summary judgment is appropriate.

The parties, however, advocate different interpretations of the applicable law governing (1) the statute of limitations pursuant to 11 U.S.C. § 546(a)(2) and (2) the extent to which a debtor may avoid a preferential transfer.

As a threshold matter, First Union argues that the Debtors' action is time barred by the limitations on avoiding powers set forth in 11 U.S.C. § 546(a). The Debtors filed a Complaint to Avoid Preferential Transfers pursuant to 11 U.S.C. § 547(b) and 522(h). 11 U.S.C. § 522(h) authorizes a debtor, under certain circumstances, to avoid transfers which the trustee could have avoided pursuant to, *inter alia*, section 547.

First Union correctly argues that the Debtors' right to avoid this preferential transfer is subject to the limitations period set forth in 11 U.S.C. § 546(a). Section 522(h) allows a debtor to pursue an action for recovery of a preferential transfer if the trustee could have avoided the transfer. The debtor has the same rights that the trustee would have had if the trustee had pursued such powers. 3 L. King, *Collier on Bankruptcy*, § 554.03, fn. 5 (15th ed.1994). Conversely, a debtor has the same limitations, including those set forth in 11 U.S.C. § 546(a). 11 U.S.C. 546(a) provides:

"An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed."

This adversary proceeding was brought within two years of the date of the appointment of a trustee, thus section 546(a)(1) is inapplicable. As recited above, however, the case was closed and subsequently reopened. Had this case remained closed, First Union could have successfully raised the limitations defense.

In its Motion, First Union fails to acknowledge that this case was reopened and, therefore, advances no argument regarding the effect of reopening the case on the limitations period. Upon review, "it is apparent that the limitations contained in Section 546(a)(2) were written without considering the possibility that a case could be reopened." *In re Stanke*, 41 B.R. 379, 381 (Bankr.W.D.Mo. 1984) (citing 4 *Collier on Bankruptcy* § 546.02[2] (15th ed.)). Accordingly, this

court must determine the effect of reopening on the limitations period.

11 U.S.C. § 350 provides:

§ 350. Closing and reopening cases.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Neither section 350(b), nor any other section, governs the effect of the reopening. *Cf.* 11 U.S.C. §§ 348, 349.

"The effect of reopening a case is to put the bankruptcy estate back into the process of administration. (citations omitted). The original bankruptcy is revived including all the procedural and substantive rights of the debtor." *In re Cassell,* 41 B.R. 737, 740 (Bankr.E.D.Va.1984) (citations omitted). (Court had reopened debtor's case pursuant to motion to redeem an automobile after debtor's discharge). Considering the effect of reopening on the limitations period, courts have construed the word "closed," as set forth in 11 U.S.C. § 546(a)(2), to mean properly closed.

The court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In the event that a closed case has not been fully administered, or to accord relief to the debtor, the case may be reopened. 11 U.S.C. § 350(b). *In re White,* 104 B.R. 951 (Bankr.S.D.Ind.1989); *In re Petty,* 93 B.R. 208 (9th Cir. BAP 1988).

In *In re Petty,* the court stated:

"Once it has been established that the case was not properly closed and may be reopened to administer the assets of the debtor's estate it would be anomalous to bar the collection of the very assets sought to be recovered because the case was closed. The primary reason for reopening the case would be prohibited. Accordingly, the word 'closed' in § 546(a)(2) must be read to mean properly and finally closed."

*In re Petty,* 93 B.R. at 212.

This court agrees with the reasoning of the court in the *Petty* case. The Debtors' case was reopened pursuant to section 350(b) to accord relief to the Debtors, and their rights pursuant to 11 U.S.C. § 522(h) and 547 were revived, including revival of the original limitations period. Accordingly, the court finds that this complaint was timely filed and First Union's motion for summary judgment on the ground that the complaint was time barred is denied.

■ The question next to be answered is to what extent is the debtor entitled to avoid First Union's judgments where the amount of equity available after reducing the value of the property by any senior non-avoidable liens is less than the amount of allowed exemptions taken by the Debtors. Debtors argue that the appropriate remedy in an avoidance action brought pursuant to 11 U.S.C. § 522(h), as opposed to 11 U.S.C. § 522(f), is the avoidance of the judgment lien in its entirety. The Debtors rely on numerous cases to support their position. *In re Opperman,* 943 F.2d 441 (4th Cir.1991); *In re Herman,* 120 B.R. 127 (9th Cir. BAP 1990); *In re Fisher,* 117 B.R. 191 (Bankr. W.D.Pa.1990); *In re Waldman,* 81 B.R. 313 (Bankr.E.D.Pa.1987); *In re Magosin,* 75 B.R. 545 (Bankr.E.D.Pa.1987).

To the contrary, First Union argues that 11 U.S.C. § 522(h) and § 522(f) contain identical language, and, therefore, Debtors' avoidance powers are limited to that amount which impairs the debtors' right to an exemption. First Union advances alternative positions regarding that amount. First, the defendant argues that the amount by which the lien impairs an exemption is limited to the amount of equity in the property. *See generally Fitzgerald v. Davis,* 729 F.2d 306 (4th Cir.1984); *In re Bovay,* 112 B.R. 503 (Bankr.N.D.N.Y.1989); *In re Webb,* 49 B.R. 646 (Bankr.E.D.Va.1985); *In re Larue,* 13 B.R. 846 (Bankr.N.D.Ill.1981); and hence only $1,000.00 of the judgment may be avoided. In the alternative, the Defendant argues that the Debtors can avoid only that amount which the Debtors have claimed as an exemption, *i.e.,* the amount of the available exemption under applicable law without regard to the equity in the property. Accordingly, $11,000.00 of the judgment may be avoided. *In re Opperman,* 943 F.2d 441 (4th Cir.1991); *In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill.1992). Under either its first

or second argument, the defendant asserts that the remaining amount of the judgment continues as a lien upon the property post-bankruptcy.

Addressing the Debtors' argument for avoidance of the lien in its entirety, this court must analyze and compare sections 522(f) and 522(h).[1]

11 U.S.C. § 522(h) provides:

"The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1)* [2] of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer." (emphasis added).

11 U.S.C. § 522(f) provides:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)* of this section, if such lien is (1) a judicial lien; or (2) a non-possessory, non-purchase money security interest in any . . . *"

(emphasis added).

The court finds that the limitations on the extent of the avoidance power in subsections 522(f) and 522(h), based upon impairment of exemption, are the same. In section 522(f), the reference of debtor's entitlement is to section 522(b) which sets forth the amount of debtor's exemptions. In section 522(h), the limiting reference is to section 522(g)(1), which in turn provides that the debtor has a right to exempt property under section 522(b) (under certain conditions). Nowhere in the language of section 522(f) or (h) is there any basis for giving a different meaning to the limitation of the debtor's right to avoid a lien or transfer.

This court has previously held that an action to avoid a lien pursuant to section 522(h) is limited to that amount which impairs an exemption. In *In re Humphrey*, 165 B.R. 578 (Bankr.D.Md.1993) (Schneider, J.), the debtors filed a complaint to avoid a judgment as a preference pursuant to 11 U.S.C. § 547. *Id.* at 579. Debtors had standing to bring the complaint pursuant to 11 U.S.C. § 522(h). *Id.* The debtors sought to avoid the $194,647.68 judgment in its entirety. *Id.* at 580. The court, however, allowed the avoidance of the lien only to the extent that it impaired the debtors' exemptions. This court agrees with the reasoning of the *Humphrey's* court:

"... the exemptions allowed in Maryland as set forth in Md. Cts. & Jud.Proc.Code Ann. § 11–504(b) (1989), (footnote omitted) will not accommodate exemption of the entire value of the property impaired by the defendants' judgment lien. Therefore, the debtors are not entitled to the requested relief as a matter of law. They are only entitled to avoid the defendants' judgment to the extent that it impairs exemptions to which they would be entitled."

*Id.*

Interestingly, both parties cite favorably the Fourth Circuit opinion, *In re Opperman*, 943 F.2d 441 (4th Cir.1991). Debtors assert that *Opperman* allows for the avoidance of the entire lien, and First Union asserts that the amount avoidable is at most the amount of allowable exemptions.

While it is correct that the *Opperman* court allowed the debtor to avoid the lien in its entirety, the Debtors fail to recognize the factual differences. In *Opperman*, the debt-

---

**1.** Although the Debtors primarily rely on this distinction to support their position, most of the cases cited by the Debtors allow the avoidance of the entire judgment pursuant to 11 U.S.C. § 522(f).

**2.** 11 U.S.C. § 522(g)(1) provides:

"Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property."

or, after deduction of consensual liens, had equity in her residence of $2,462.66. *Id.* at 442. In addition to the consensual liens, a judgment lien in the amount of $3,721.74 was also secured by her residence. *Id.* The debtor claimed the equity amount as exempt pursuant to N.C.Gen.Stat. § 1C–1601(a)(1). *Id.*

The North Carolina statute allowed the debtor to claim as exempt an aggregate interest not to exceed $7,500.00 in value. *Id.* at 443. The court ruled that "[u]nder the North Carolina's exemption scheme, this would allow all or a portion of a lien up to $7,500.00 in amount to be avoided." *Id.* at 444. Thus, in *Opperman,* the allowable exemption was sufficient to cover the entire judgment.

In the instant case, after deducting the amount outstanding upon consensual liens from the value of the residence, the Debtors had $1,000.00 in equity. The judgment liens totalled $177,376.10. Pursuant to Md.Code Ann.Cts. & Jud.Proc. § 11–504(b), the Debtors can claim as exempt only the amount of $11,000.00.

The crucial difference between the two cases is the amount of the judgment lien sought to be avoided. In *Opperman,* the amount of the lien was less than the amount of the allowable exemption. In the case *sub judice,* the amount of the lien exceeds the amount of the allowable exemption by over $150,000.00. However, in *Opperman,* the court spoke to the fact pattern this court now has before it. "A lien larger in amount than the exemption available to the debtor does not impair that exemption. Thus, only that part of a lien which actually interferes with the debtor's homestead exemption may be avoided." *Id.* (dictum) (citing *See* 3 *Collier on Bankruptcy,* § 522.29[1] at 522–90 (15th ed. 1991); and *see In re Galvan,* 110 B.R. 446 (9th Cir. BAP 1990); *In re Sanglier,* 124 B.R. 511 (Bankr.E.D.Mich.1991); *In re Chabot,* 100 B.R. 18 (Bankr.C.D.Cal.1989); *In re D'Ambrosia,* 61 B.R. 588 (Bankr.N.D.Ill. 1986); and *In re Breaux,* 55 B.R. 613 (Bankr. M.D.Ala.1985)).

■ Having determined that the amount by which a lien may be reduced pursuant to section 522(f) or (h) is limited to that amount which impairs the exemption, the court has been referred by the parties to two differing interpretations as to how to calculate that amount. The more restrictive interpretation would limit the amount to the lesser of the equity in the property after non-avoidable consensual liens, or the allowable exemptions under applicable law. *In re Bovay, supra; In re Webb, supra; In re Larue, supra.* The second line of cases holds that it is the amount of the allowable exemptions, not restricted to the available equity in the property. *In re Opperman, supra.*

The question then becomes, what is the amount of exemption which is impaired by the lien. On this issue, the *Opperman* decision clearly controls. In that case, the Court of Appeals did not limit the avoidance of the lien to the amount of the debtor's equity in the property. The court held that Opperman was entitled to avoid the entire $3,700.00 lien despite that the debtor had only $2,262.50 in equity.

The *Opperman* holding makes clear that the Fourth Circuit is not limiting the amount of a judgment that can be avoided by a debtor to the amount of the debtor's equity in the property. Furthermore, to the extent that the cases cited by the defendant stand for the proposition that the judgment avoidance is limited to the equity of the debtor in the property, this court is unpersuaded by the reasoning therein. To so limit the avoidability of a judgment lien could deprive the debtor of the use of an allowed exemption.

To limit the amount of the judgment which is avoided to the equity in the property under the facts of this case could deprive the debtor of the use of approximately $10,000.00 of allowed exemption under applicable law. If, for any reason, the lien of the judgment were to survive the bankruptcy case, the debtor would not have an opportunity to use the remaining amount of the exemption (in excess of equity) to protect the value of the property which may be created by future payments of the debtor on the consensual mortgages. Clearly, in such a case, the debtor's right to those exemptions would have been impaired by the existence of the judg-

ment and the purpose of sections 522(f) and 522(h) would be defeated.

Under the facts of this case, it is likely that the full amount of the judgment lien will be extinguished as a lien against property of the debtor now owned or hereafter acquired, notwithstanding the restrictions placed on the amount of that lien which is avoidable under sections 522(f) and (h). Unless a case is dismissed (as opposed to closed upon completion), property which is exempted pursuant to section 522, is not liable after the case for any pre-petition debt, except, *inter alia,* a debt secured by a lien. 11 U.S.C. § 522(c)(2). Even if the debt is secured by a lien, such property is not liable after the case for any pre-petition debt if that lien is void pursuant to 11 U.S.C. § 506(d). 11 U.S.C. § 522(c)(2)(A)(ii). Where, as in this case, no equity remains in the property after the deduction of unavoidable consensual liens and the avoidance of the amount of the lien which impairs an exemption, the extent of the value of the judgment creditor's interest through its liens upon the estate's interest in the subject property is zero. The secured claim of the judgment creditor, after the avoidance pursuant to 11 U.S.C. § 522(f) or (h), will be zero. The remaining amount of the judgment lien would not be an allowed secured claim, 11 U.S.C. § 506(a), and would be consequently void. 11 U.S.C. § 506(d).

"... Section 522(c)(2)(A)(ii) specifically provides that exempt property is protected from liens which are void under section 506(d). Section 506(d) voids a lien to the extent it exceeds the value of the collateral. Thus, section 522(c)(2)(A)(ii) limits a judicial lien on exempt property to its value on the date of bankruptcy ..."

*In re Kopstein,* 163 B.R. 573, 574 (Bankr. N.D.Cal.1994).

The remaining requirement of § 522(c) is that the case not be dismissed. That is, the case must be closed after completion. As this case has been reopened, it is not yet determinable as to whether or not this condition of section 522(c) will be met. Nonetheless, it is likely, given the facts of this case, that it will be closed shortly after the entry of judgment pursuant to this decision. Upon

such a closure, the remaining lien of the judgment will be void.

This court agrees with the *Kopstein* decision in which it is stated that although the Supreme Court declined to allow a debtor in Chapter 7 to strip down a lien upon real property, as being inconsistent with the limitations set forth in 11 U.S.C. § 722, *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), where property is exempted pursuant to section 522 and relief is obtained by the debtor pursuant to section 522(f) or (h), to find that the remaining lien, for which no value exists, is extinguished pursuant to section 506(d) is not inconsistent. *In re Kopstein* at 574.

"A debtor ought not to be forced to abandon his home in order to start over again ...", *In re Kopstein* at 575. Any other reading of these sections of the Bankruptcy Code would force such an abandonment, for which no authority can be cited and which would be contrary to the fresh start policy of the Code. It is clear that the judgment lien does not survive to encumber any property in which the Debtors hold no interest at the time of the bankruptcy, but which property is purchased later by the Debtors after the conclusion of the case. To hold other than as this court does today would in effect force debtors to dispose of their pre-petition property in which no equity exists after liens impairing allowed exemptions are avoided and to move to property acquired post-petition, in order to gain protection from the lien of the worthless judgment.

For these reasons, this court finds that the judgment lien held as of the petition date by First Union National Bank of Virginia shall be avoided in the amount of $11,000.00 and, that upon the closure of this case (unless it is dismissed prior thereto), the remaining amount of such judgment lien shall be void as against the property known as 596 Counsel Oaks Drive, Waldorf, Maryland.

### ORDER AVOIDING PREFERENTIAL TRANSFER

Upon a Complaint brought by the Debtors pursuant to 11 U.S.C. § 522(h) and 11 U.S.C. § 547, and for the reasons set forth in a separate Memorandum Opinion filed in this

adversary, it is this 5th day of October, 1994, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the judgment lien held by the Defendant, First Union National Bank of Virginia, shall be avoided in the amount of $11,000.00.