**Douglas Ray SCHROEDER, et al.**

v.

**FIRST UNION NATIONAL BANK OF VIRGINIA.**

**Civ. No. JFM–95–315.**

United States District Court,
D. Maryland.

May 18, 1995.

William R. Feldman, Protas & Spivok, Bethesda, MD, for appellant.

Richard M. McGill, Upper Marlboro, MD, Scott Randal Robinson, Camp Springs, MD, for appellees.

## MEMORANDUM

MOTZ, Chief Judge.

Appellant, First Union National Bank of Virginia, held judgment liens totalling approximately $177,500 against the residence owned by Douglas and Ann Schroeder, appellees and the debtors in a Chapter 7 bankruptcy proceeding. The Schroeders' equity in the residence, as of the time of their

bankruptcy filing, was $1,000 (after deduction of consensual liens), and the amount of their allowable exemptions was $11,000. The question presented on this appeal is whether on these facts First Union's judgment liens were extinguished in their entirety upon the closure of the Chapter 7 proceeding or only to the extent that they impaired the Schroeders' allowable exemptions. The bankruptcy court held that they were void in their entirety. I disagree and reverse.[1]

■ 11 U.S.C. § 506 provides in pertinent part as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. . . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . .

■ Although somewhat elliptical, § 506(a) means that an allowed claim "is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 239, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989). Thus, if § 506(a) and § 506(d) were read together, the liens held by First Union would be void since there is no value in the Schroeders' residence after consensual loans and their allowable exemptions are deducted.

However, in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992),

the Supreme Court held that the words "allowed secured claim" as used in § 506(d) do not have the same meaning as they do in § 506(a); rather, the Court ruled, the adjectives "allowed" and "secured" as used in § 506(d) should be read sequentially and defined by reference to provisions of the law other than § 506(a). Thus, the Court found that the lien could not be "stripped down" to the fair market value of the property to which it was attached. Applying like reasoning here, since First Union's claim clearly was allowable [2] and since First Union's liens indisputably were "secured," they are not voided by § 506(d).

■ As the Schroeders assert, *Dewsnup* is factually distinguishable from the instant case in that it involved a consensual rather than a judgment lien. However, for present purposes that is a distinction without a difference. Underlying the Court's holding in *Dewsnup* was the principle clearly established before passage of the 1978 Bankruptcy Act (of which § 506 was a part) that "a lien on real property passe[s] through bankruptcy unaffected." 502 U.S. at 418, 112 S.Ct. at 778. This principle applies equally whether the lien in question is consensual or involuntary. This is so because "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153–54, 115 L.Ed.2d 66 (1991) (quoted in *Dewsnup,* 502 U.S. at 418, 112 S.Ct. at 778).

Other courts within the Fourth Circuit have, in the wake of *Dewsnup,* reached the conclusion that judgment and consensual liens should be treated alike under § 506(d). *See, e.g., Crossroads of Hillsville v. Payne,*

---

1. First Union has not pressed in this court an argument that it made before the bankruptcy court that its liens were not extinguished at all, i.e. not even to the extent that they impaired the Schroeders' allowable exemptions. The bankruptcy court's rejection of that argument seems to have been eminently correct. *See, e.g., In re Opperman,* 943 F.2d 441 (4th Cir.1991); *Dominion Bank, N.A. v. Osborne,* 165 B.R. 183 (W.D.Va. 1994). Likewise, First Union has not appealed a ruling made by the bankruptcy court that the

avoidance action instituted by the Schroeders was not time-barred.

2. Although "allowable," First Union's claim was never actually "allowed" because the Chapter 7 trustee filed a report of no assets for distribution and the case was closed before claims were filed. The Schroeders have not suggested that this fact is material to the analysis of *Dewsnup* and § 506(d) or requires any different result here.

179 B.R. 486 (W.D.Va.1995); *In re Esler,* 165 B.R. 583 (Bankr.D.Md.1994). *Cf. In re Opperman, supra.* To establish the contrary, the Schroeders rely (as did the bankruptcy court below) upon *In re Kopstein,* 163 B.R. 573 (Bankr.N.D.Cal.1994).

Their reliance is flawed in two respects. First, the bankruptcy court's decision in *Kopstein* was reversed by the district court on appeal. *Ellison v. Kopstein,* 171 B.R. 879 (N.D.Cal.1994). Second, the bankruptcy court in *Kopstein* sought to draw support from the "fresh start" policy of the Bankruptcy Code, stating that "a debtor ought not to be forced to abandon his home in order to start over again." 163 B.R. at 575. In *Dewsnup,* however, the Supreme Court expressly held that "any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor." 502 U.S. at 417, 112 S.Ct. at 778. As several courts have subsequently noted, *see, e.g., In re Chabot,* 992 F.2d 891, 895 (9th Cir.1993); *Crossroads of Hillsville, supra,* this is so because the reach of the "fresh start" policy is limited to a debtor's allowable exemptions. Thus, the Schroeders have been given all of the opportunity for a "fresh start" to which the law entitles them by the bankruptcy court's ruling that First Union's liens were void to the extent that they impaired the value of the Schroeders' allowable exemptions.

A separate order effecting the ruling made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the memorandum entered herewith, it is this 18th day of May, 1995,

ORDERED that the memorandum and order entered by the bankruptcy court on October 5, 1995, be reversed to the extent that it declares void the judgment liens held by the First Union National Bank of Virginia to the extent that those liens exceed $11,000 (the debtors' allowable exemptions).