**In re Ronald N. ESLER and Phyllis A. Esler, Debtors.**

**Ronald N. ESLER and Phyllis A. Esler, Movants,**

v.

**ORIX CREDIT ALLIANCE, Respondent.**

Bankruptcy No. 91–5–3642–JS.

United States Bankruptcy Court, D. Maryland.

March 17, 1994.

Karolyn N. Bowe, Elkton, MD, for debtors/movants.

Timothy F. McCormick, Shapiro and Olander, Baltimore, MD, for respondent.

## *MEMORANDUM OPINION PARTIALLY DENYING DEBTORS' MOTION TO AVOID JUDICIAL LIENS*

JAMES F. SCHNEIDER, Bankruptcy Judge.

### *FINDINGS OF FACT*

1. On June 6, 1991, the debtors, Ronald N. Esler and Phyllis A. Esler, filed the instant voluntary Chapter 7 bankruptcy petition.

2. In their Schedule B–1 (real property), they disclosed a one-half ownership interest in "house and lot located at 1221 Calvert Road, Rising Sun, Cecil County, Maryland, owned jointly, as joint tenants, with Lewis and Viola Esler," Mr. Esler's parents, having a fair market value of $62,500. Statement of Affairs and Schedules [P. 8], filed July 30,

1991. Debtors' counsel acknowledged that the foregoing statement is incorrect in that as between the two couples, the one-half interests are held as tenants in common.

3. In their Schedule B–4 (property claimed as exempt), Mr. and Mrs. Esler claimed an exemption in their real estate in the amount of $5,063.44, alleged to represent their "equity in house and lot." *Id.*

4. On August 5, 1991, Robert E. Baker, Chapter 7 trustee, filed a report of "no-assets" [P. 13].

5. On November 5, 1992, the debtors filed a motion to value secured status of the claim of Orix Credit Alliance [P. 19]. The motion recited the following facts: (a) the debtors' one-half interest in real estate was valued at $62,500, the full value of said property being $125,000; (b) the amount of the debtor's equity in said property, after deduction of $110,117.76 representing the outstanding balance due on a first mortgage, equalled $7,491.12; (c) Orix Credit Alliance obtained a judicial lien against the property by filing a confessed judgment against the debtors in the Circuit Court for Cecil County in the amount of $95,013.00, plus attorneys' fees of $19,002.60 and post-judgment interest; (d) a lien of $2,427.68 in favor of Signet Leasing predated Orix' lien; and (e) therefore, the debt owed to Orix should be determined to be unsecured. Counsel for Orix asserted that the present net value of the lien, after liquidation of other collateral, amounts to $59,913.00, plus attorneys' fees of $11,982.60, court costs and postjudgment interest from the date of judgment.

6. On December 1, 1992, Orix filed an opposition [P. 24] to the debtors' motion, citing the decision of the Supreme Court in the case of *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), for the proposition that debtors in a Chapter 7 bankruptcy case may not "strip down" a secured creditor's judgment lien pursuant to Section 506(d) of the Bankruptcy Code.

7. This Court agreed and on December 8, 1992 entered an order [P. 24] which denied the debtor's motion.

8. On December 21, 1992, the debtors filed a motion for reconsideration [P. 25], which attempted to distinguish the instant case from *Dewsnup.* The motion argued that while *Dewsnup* involved an effort to strip down a consensual mortgage lien on real property, the debtors in the instant case were attempting to strip down a judgment lien which arose from their personal guarantee of the debt of another, and that they had not understood the implications of their guarantee, namely the creation of a lien against their real property.

9. On December 23, 1992, the debtors filed a second motion against Orix entitled "motion to avoid lien which impairs an exemption" [P. 26], based upon Section 522(f) of the Bankruptcy Code, by which the debtors sought to avoid Orix' judicial lien *in its entirety.*

10. On February 16, 1993, Orix filed oppositions [PP. 29 and 30] to the foregoing motions and requests for hearing [PP. 30 and 32], whereupon a hearing was held.

*CONCLUSIONS OF LAW*

■ 1. The debtors' motion for reconsideration was filed more than ten days after the order sought to be reconsidered which denied the debtors' motion to value secured status of claim. Therefore, the motion was untimely and must be denied. Bankruptcy Rules 7052 and 9023.

■ 2. Disregarding the untimeliness of the motion for purposes of this opinion, the motion would have been denied on its merits based upon the decision in *Dewsnup,* which acts to prohibit Chapter 7 debtors from using Bankruptcy Code Section 506(a) to "lien strip" creditors' liens on grounds that the creditor's claim is unsecured by undervaluing the property securing the lien. The opinion is equally applicable to consensual and non-consensual liens. *See also U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 243, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989).

3. As to the motion to avoid lien in its entirety pursuant to Section 522(f), the Court finds that the cited Code section only permits the avoidance of judicial liens to the extent that such liens impair exemptions to which the debtors "would have been entitled." There is no mystery as to the meaning of "would have been entitled." The legislative

history of Section 522 indicates that the phrase means "property that could have been exempted in the absence of the lien." H.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 6318. It therefore follows that a lien having a value greater in amount than the exemptions to which the debtors would have been entitled to claim cannot be entirely avoided pursuant to Section 522(f)(1), which provides as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien[.]

11 U.S.C. § 522(f)(1).

4. Because the Maryland General Assembly has "opted out" of the federal exemptions, Maryland debtors are only entitled to claim exemptions set forth in Section 11–504(b) of the Courts and Judicial Proceedings Article of the Maryland Code, which provides:

> (b) In general.—The following items are exempt from execution on a judgment:
>
> (1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.
>
> (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.
>
> (3) Professionally prescribed health aids for the debtor or any dependent of the debtor.
>
> (4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.
>
> (5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

*Id.*

■ 5. Under the foregoing exemption scheme, the joint debtors have claimed exemptions totalling $5,063.44. Therefore, this amount is the only extent to which the judicial lien of Orix may be avoided pursuant to Section 522(f)(1) of the Bankruptcy Code.

■ 6. The debtors' right to claim exemptions is not dependent upon an allegation that they have any equity in property. Indeed, debtors enjoy the right to exempt property regardless of a lack of equity. *In re Hoffman,* 28 B.R. 503, 507 (Bankr.D.Md. 1983), citing *In re Ford,* 3 B.R. 559, 576 (Bankr.D.Md.1980), *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981).

7. For these reasons, the debtors' motion to avoid the lien of Orix Credit Alliance will be granted in the amount of $5,063.44. The remainder of the Orix lien, after said avoidance, will survive the closing of this case.

ORDER ACCORDINGLY.

*ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR VALUATION PURSUANT TO 11 U.S.C. § 506(a) AND GRANTING MOTION TO AVOID JUDICIAL LIEN IN PART PURSUANT TO 11 U.S.C. § 522(f)(1)*

Upon the memorandum opinion entered simultaneously herewith, the debtors' motion for reconsideration [P. 25] is hereby denied. The debtors' motion to avoid judicial lien [P. 26] of Orix Credit Alliance Corp., pursuant to 11 U.S.C. § 522(f)(1), is granted in part, and the said lien is hereby avoided in the amount of $5,063.44, the extent to which the said

judicial lien impairs exemptions to which the debtors would have been entitled.

SO ORDERED.