## UNITED STATES v. DEPAOLI et ux.

### No. 10418.

Circuit Court of Appeals, Ninth Circuit.

Dec. 9, 1943.

Norman M. Littell, Asst. Atty. Gen., Thomas O. Craven, U. S. Atty., of Reno, Nev., Norman MacDonald and John C. Harrington, Attys., Dept. of Justice, both of Washington, D. C., for appellant.

William M. Kearney, of Reno, Nev., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a companion case to United States v. Garaventa Land & Livestock Co., 9 Cir., 129 F.2d 416.

Here, as in the case mentioned, the United States sued to recover possession of a tract of land within the Pyramid Lake Indian Reservation following a declaration of forfeiture of an entry made under the Act of June 7, 1924, Chapter 311, 43 Stat. 596, 25 U.S.C.A. § 421 note. The legal and factual situation is described in the opinion in the Garaventa case, supra, and we will not repeat what was there said. The particular facts relating to the present entry are these:

On March 3, 1925, appellee made entry under the special act by filing his application to purchase, and thereafter made the requisite down payment in the amount of $2,514.82 on the appraised price of $6,068.-03. After receipt of the initial payment the General Land Office, on September 16, 1925, allowed the application. In 1935, as the result of a re-appraisement, the purchase price was reduced and appellee was allowed 30 days to make full payment of the balance of the principal, or to pay the interest only. There was an unavailing appeal to the Secretary for a further re-

226

duction in the purchase price.[1] On March 10, 1936, the General Land Office notified appellee of a ruling of the Secretary to the effect that all interest due on the unpaid principal must be paid within 30 days; that one-third of the principal still owing was required to be paid within six months; and that, failing this, the application would be cancelled without further notice.

Appellee failed to pay the interest as required and on May 13, 1936, the Secretary ordered the cancellation of his application. On August 11, 1936, appellee petitioned for a reinstatement and at that time paid to the register of the United States Land Office at Carson City the full balance owing, with accrued interest, namely, the sum of $5,116.62. On September 30, 1936, the Commissioner of the General Land Office denied the petition for reinstatement and directed the return of the final installment paid in August. The down payment of $2,514.82 was not returned or tendered, and no offer has ever been made by the government to refund the same.

Apparently through error, the Commissioner's direction to return the final payment was not carried out. The local register and receiver had forwarded the money to the General Land Office in the regular course of business and the amount was deposited with the Treasurer of the United States. In 1938 this suit was commenced, and fourteen months later a treasury check for the amount was mailed appellee. The latter promptly returned the check. On the trial below the court was of opinion that the payment and long retention of this money served to distinguish this case, on equitable grounds, from United States v. Garaventa Land & Livestock Co., supra. Judgment was accordingly entered dismissing the government's suit.

In the Garaventa case the entryman, subsequent to the cancellation of his entry and prior to the bringing of suit, had made a tender of the full balance owing, but his tender had not been accepted. This court determined that the enabling act authorized the Secretary to fix the time for payment and to impose the condition which would obtain on default, and that the Secretary's cancellation of the entry concluded the matter. It held that the tender, plus

the fact of part payment and the obvious purpose of Congress to permit the occupants to acquire the lands, were not entitled to consideration in a controversy between the purchaser and the government, although these considerations might be of controlling importance in a similar suit between private litigants. The dismissal order was reversed and the cause remanded with instructions to enter a judgment for the government.

 The dissenting judge in that case believed that in light of the Congressional purpose the principles applicable to a like situation involving the ordinary vendor-vendee relationship should govern. He is of that opinion still. But the court took the opposite view and its decision constitutes a binding precedent for the disposition of the present suit. The cases are indistinguishable on principle. The Secretary's rejection of appellee's petition for reinstatement was of equal authority and finality with his cancellation of the entry in the first instance. And the erroneous retention of the final payment, even for this long period, did not work an estoppel against the government on any principle with which we are familiar.

Reversed.

---

[1] The settlers for whose relief the Act was passed have claimed that Congress intended the selling price to be fixed on the basis of the raw land, whereas the prices established by the Secretary are said to include the values embraced in the improvements made by the settlers themselves or by their predecessors in interest.