In re Lawrence L. MAYER, Debtor.

**Alfred NADEL and Ruth Nadel, Appellants,**

v.

**Lawrence L. MAYER, Appellee.**

**BAP No. SC–93–2088–SRO.**
**Bankruptcy No. 93–02230–A7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 24, 1994.

Decided May 13, 1994.

Charles D. Richmond, La Jolla, CA, for appellants.

Laura K. Kail, Solana Beach, CA, for appellee.

Before SULLIVAN [1], RUSSELL and OLLASON, Bankruptcy Judges.

## OPINION

SULLIVAN, Bankruptcy Judge:

Alfred and Ruth Nadel, creditors with a judgment lien against the debtor's home, filed an objection to the debtor's claim of homestead exemption. The bankruptcy court determined that the debtor was entitled to a homestead exemption in the amount available when the Nadels' lien attached to the property. The Nadels appeal. We AFFIRM in part and VACATE in part the bankruptcy court's decision and REMAND for further proceedings consistent with this Opinion.

---

1. Honorable Donal D. Sullivan, Chief Bankruptcy Judge for the District of Oregon, sitting by designation.

## I. FACTS

The underlying facts are not disputed, and are set forth in the bankruptcy court's decision which was reported in *In re Mayer*, 156 B.R. 54 (Bankr.S.D.Cal.1993). On November 6, 1989, Alfred and Ruth Nadel (Nadels), obtained a judgment against the debtor, Lawrence L. Mayer (Mayer). The judgment was for the sum of $40,052.62. On December 19, 1989, the Nadels recorded an abstract of the judgment against real property owned by Mayer and located at 1597 Casa Real Lane in San Marcos, California (the property). Mayer was renting the property to a tenant when the judgment lien attached, and he lived in another rental. Mayer moved back to the property in July 1992, and it became his principal residence at that time.

The Nadels tried to force a sale of the property and Mayer filed Chapter 7 [2] on March 3, 1993. In his bankruptcy schedules, Mayer claimed a homestead exemption of $100,000 in the property under Calif.Civ.Proc.Code §§ 704.710 and 704.-730(a)(3)(C). The unrefuted affidavit of Mayer states that he is over 55, is married, and that his household has an annual gross income of less than $20,000.

The Nadels objected to Mayer's homestead exemption on the grounds that Mayer did not reside in the house at the time the Nadels' judgment lien attached to the property. Alternatively, the Nadels argued that Mayer is limited to the $45,000 exemption which was applicable on the date the judgment lien attached. The Nadels also filed a motion for relief from the stay to allow them to complete their execution sale.

The court heard both the motion for relief from the stay and the objection to exemption on May 18, 1993. The bankruptcy schedules indicated that the property was worth $140,-000 and that there was a consensual first mortgage of approximately $71,000 secured by the property. No evidence to the contrary was presented. During the hearing, the judge asked if Mayer had taken any

---

2. Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

steps to avoid the Nadels' lien. Mayer's counsel said he had not, and that would require a subsequent filing to remove.

At the conclusion of the hearing, the judge denied the motion for relief from the stay because of the exemption claim. That order is not part of this appeal. The court took the question of the exemption under submission and issued a memorandum decision on June 29, 1993.

The decision concluded that:

1) absent the bankruptcy, the homestead exemption claimed would be ineffective against the preexisting judgment lien,

2) Section 522(f)(1) permits the debtor to avoid a judgment lien to the extent the property could have been exempted in the absence of the lien on the date of bankruptcy, and

3) that the amount of the homestead exemption must be limited to the amount allowed on the date the judicial lien attached.

The court instructed Mayer's counsel to submit an order in conformance with the opinion. The form of the order was approved by the Nadels. The order simply referred to the court's memorandum decision and ordered that the "debtor is entitled to a homestead exemption in the amount available when objectors' lien attached in 1989." The order was entered on August 30, 1993.

The Nadels filed a notice of appeal on August 30, 1993. They claim that the bankruptcy judge exceeded her authority by applying § 522(f)(1) *sua sponte* to the objection for exemption, and that they have been denied due process because the order will preclude them from litigating Mayer's ability to avoid their lien if Mayer were to file such a motion. They also claim to have been prejudiced by the failure of Mayer to file a motion to avoid their lien. They request that the order be reversed and that Mayer be barred from filing a motion to avoid their lien.

## II. ISSUES

A) Is the debtor entitled to a homestead exemption in the property?

B) If so, what is the amount of the exemption?

## III. STANDARD OF REVIEW

■ The determination of a homestead exemption based on undisputed facts is a legal conclusion interpreting statutory construction which is reviewed *de novo*. *In re Morgan*, 149 B.R. 147, 150 (9th Cir. BAP 1993).

## IV. DISCUSSION

■ Exemptions are determined as of the date the bankruptcy petition was filed. *In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990), *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), § 522(b)(2)(A).

■ Mayer relied on Cal.Civ.Proc.Code §§ 704.710 and 704.730(a)(3)(C) to claim a homestead exemption of $100,000 in the property. Those statutes provide:

§ 704.710. Definitions ... (c) "Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead. Where exempt proceeds from the sale or damage or destruction of a homestead are used toward the acquisition of a dwelling within the six-month period provided by Section 704.720, "homestead" also means the dwelling so acquired if it is the principal dwelling in which the judgment debtor or the judgment debtor's spouse resided continuously from the date of acquisition until the date of the court determination that the dwelling is a homestead, whether or not an abstract or certified copy of a judgment was recorded to create a judgment lien before the dwelling was acquired.

§ 704.730. Amount of homestead exemption

(a) The amount of the homestead exemption is one of the following:

.　　.　　.　　.　　.

(3) One hundred thousand dollars ($100,000) if the judgment debtor or

spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead any one of the following:

.    .    .    .    .

(C) A person 55 years of age or older with a gross annual income of not more than fifteen thousand dollars ($15,000) or, if the judgment debtor is married, a gross annual income, including the gross annual income of the judgment debtor's spouse, of not more than twenty thousand dollars ($20,000) and the sale is an involuntary sale.

Cal.Civ.Proc.Code §§ 704.710 & 704.730(a)(3)(C) (West 1987 & Supp.1994).

Mayer fulfilled all the requirements for the homestead exemption which he claimed. He lived on the property on the date he filed bankruptcy, he was over 55, married, and his household income was under $20,000. Therefore, on the date the petition was filed, he qualified for a homestead exemption in the property in the amount of $100,000 under Cal.Civ.Proc.Code § 704.730(a)(3)(C).

The Nadels' judgment lien is not relevant in determining whether Mayer is entitled to the homestead exemption listed in his schedules. The filing of the petition constitutes an attempt by the trustee to levy on the property. It is this hypothetical levy the court must focus on in analyzing Mayer's entitlement to a homestead exemption. *See, Morgan,* 149 B.R. at 153. The existence of the Nadels' judgment lien may impact a trustee's decision to abandon or sell property of the estate, but it does not affect the exemption that Mayer is entitled to claim.

At oral argument, the parties reported that a hearing on Mayer's motion to avoid the lien would be heard the following month. In deciding whether to avoid the lien, the bankruptcy court will decide the extent to which the judgment lien impairs the exemption that Mayer would otherwise be entitled to claim. *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *In re Chabot,* 992 F.2d 891 (9th Cir.1993).

It is unfortunate that Mayer's entitlement to a homestead exemption and his ability to avoid the Nadels' judgment lien are on separate tracks. However, the sole issue before this court is whether Mayer is entitled to the homestead exemption that he claimed in his bankruptcy schedules. We find that he is.

## V. CONCLUSION

Mayer is entitled to the homestead exemption of $100,000 claimed in his bankruptcy schedules. The Nadels' objection to the exemption should be overruled. The bankruptcy court's order is AFFIRMED to the extent it determined that Mayer is entitled to a homestead exemption in the property, VACATED to the extent it determined that Mayer was not entitled to the amount of the homestead exemption he claimed, and REMANDED for further proceedings in connection with Mayer's motion to avoid the Nadels' judgment lien.