**In re Akbar AMIRI; Manijeh Amiri, Debtors.**

**Akbar AMIRI; Manijeh Amiri, Appellants,**

**v.**

**COLLECTION BUREAU OF SAN JOSE, Appellee.**

BAP No. NC–94–1823–RHV.
Bankruptcy No. 94–41715–TP.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 18, 1995.

Decided June 19, 1995.

John G. Finnick, Walnut Creek, CA, for appellants.

Keith A. Ducote, San Jose, CA, for appellee.

Before RUSSELL, VOLINN and HAGAN, Bankruptcy Judges.

RUSSELL, Bankruptcy Judge:

## OPINION

The debtors moved to avoid a judicial lien pursuant to § 522(f)(1)[1] as impairing the debtors' homestead exemption. The bankruptcy court denied the motion, stating that the issue was controlled by *In re Chabot*, 992 F.2d 891 (9th Cir.1993). The debtors appeal. We AFFIRM.

## I. FACTS

The facts are not in dispute. The debtors/appellants, Akbar and Manijeh Amiri ("Amiris") filed their joint chapter 13 petition on March 10, 1994. On that same date, the

Amiris filed a motion pursuant to § 522(f) to avoid the fixing of a judicial lien held by the appellee, Collection Bureau of San Jose ("Bureau"). The judicial lien attached to the Amiris' residence located at 3506 Honeysuckle Way, Concord, California.

The Amiris offered the following evidence in support of their motion: (1) the value of the property was $250,000; (2) the Amiris' homestead exemption under California law was $75,000; (3) the first trust deed on the property in favor of General Motors Mortgage Corp. was for $191,500; (4) the second trust deed on the property in favor of Ail Anvari was for $20,000; (5) the Bureau's judicial lien was for $4,500; and (6) an additional judicial lien in favor of Commerce Collections was for $5,100.[2]

The Bureau did not file a response to the Amiris' motion. Pursuant to local rules, the Amiris lodged a proposed order avoiding the Bureau's judicial lien. The bankruptcy court denied the motion and refused to sign the proposed order based on *Chabot*.

The Amiris subsequently filed a motion for reconsideration. A hearing was held on the Amiris' motion for reconsideration, which the bankruptcy court denied.

The Amiris timely filed their notice of appeal.

## II. ISSUE[3]

■ Whether a judicial lien impairs the debtors' homestead exemption within the meaning of § 522(f)(1) when there is little or no equity.

## III. STANDARD OF REVIEW

"The determination of a homestead exemption based on undisputed facts is a legal

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. For some unknown reason, the Amiris only attempted to avoid the judicial lien held by Bureau and not Commerce Collections.

3. We note that Congress has recently amended § 522(f)(1) and that under the newly enacted

§ 522(f)(2) there would be a different result. However, Congress did not intend for the new section to be retroactive. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 303, 108 Stat. 4106, 4132 (1994); H.R.Rep. No. 103–835, 103rd Cong., 2d Sess. 41–42 (1994), *reprinted in*, 1994 U.S.C.C.A.N. 3340, 3361–63. *See also Landgraf v. USI Film Products*, —— U.S. ——, ——–——, 114 S.Ct. 1483, 1507–08, 128 L.Ed.2d 229 (1994) (discussing presumption against retroactivity of newly enacted statutes).

conclusion interpreting statutory construction which is reviewed *de novo.*" *In re Mayer,* 167 B.R. 186, 188 (9th Cir. BAP 1994). *See also Chabot,* 992 F.2d at 893; *In re Roosevelt,* 176 B.R. 534, 535 (9th Cir. BAP 1995); *In re Glass,* 164 B.R. 759, 761 (9th Cir. BAP 1994).

## IV.  DISCUSSION

Section 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—

(1) a judicial lien....

11 U.S.C. § 522(f)(1).

The seminal case in this circuit on lien avoidance pursuant to § 522(f) is *Chabot.* In *Chabot,* the debtors had over $230,000 in equity in their residence above the amount of the consensual liens and the homestead exemption. Despite the large equity cushion, the debtors moved to avoid a $241,579 judicial lien. The bankruptcy court denied the debtors' motion, concluding that the power to avoid judicial liens is limited to the extent that such lien impairs an exemption and, in that case, the judicial lien did not impair the homestead exemption.[4]

On appeal, the district court affirmed the bankruptcy court, concluding that the debtors could not avoid the unsecured portion of the lien when the lien did not impair the exemption.[5]

On appeal, the Ninth Circuit Court of Appeals held that the debtors could not avoid the judicial lien since the debtors' ability to recover their exemption was not impaired by the lien under state law and the lien did not diminish in value. *Chabot,* 992 F.2d at 895 ("an exemption is not impaired unless its amount is diminished in value.").

The Ninth Circuit in *Chabot* specifically stated that before it decided whether a judgment lien was avoidable, it first would determine its validity. Very recently, the BAP

issued an opinion involving this precise issue. *See In re Jones,* 180 B.R. 575, 577–78 (9th Cir. BAP 1995) (applying *Chabot* analysis to initially determine whether a judicial lien attached to subject property under California law).

This case differs from *Jones* in that there has been no evidence presented by the Amiris that they recorded a declared homestead. Therefore, we must assume, in the absence of evidence to the contrary, that the Amiris did not file a declared homestead.

Nevertheless, it is instructive to discuss the distinction between the declared and non-declared homestead exemption prior to determining whether the judicial lien actually impairs the Amiris' homestead exemption.

1. *Declared Homestead Under California Law*

A declaration of homestead is required to be recorded in order to be effective under California law. Cal.Civ.Proc.Code § 704.910(d)(1) & (2) (West 1987). The recorded declaration of homestead must contain: (1) the name of the declared homestead owner; (2) a description of the declared homestead; and (3) a statement that the declared homestead is the principal dwelling of the declared homestead owner. Cal.Civ. Proc.Code § 704.930(a)(1)–(3) (West 1987).

Once a declaration of homestead is properly recorded and executed, the declared homestead owner is entitled to certain rights. Pursuant to Cal.Civ.Proc.Code § 704.950(c), a judicial lien may only attach to equity remaining in the property after subtracting all prior liens and the declared homestead exemption.

In addition, if a declared homestead is voluntarily sold, the proceeds of the sale are exempt in an amount equal to the exemption for a period of six months after the date of sale or the proceeds may be invested in a new dwelling within six months and retain the same effect of the prior recorded homestead declaration. Cal.Civ.Proc.Code § 704.960(a) & (b) (West 1987).

---

4.  The bankruptcy court opinion is published at 100 B.R. 18 (Bankr.C.D.Cal.1989).

5.  The district court opinion is published at 131 B.R. 720 (C.D.Cal.1991).

## 2. Non–Declared Homestead Under California Law

■ California law also provides for a non-declared homestead exemption which is sometimes referred to as the "automatic" homestead exemption since it does not require any recordation or execution. Cal.Civ. Proc.Code § 704.720(a) provides that "[a] homestead is exempt from sale ... to the extent provided in Section 704.800 [forced lien sale bids]." In the event of a forced lien sale, the levying officer is required to distribute the proceeds to pay off all consensual liens and the debtor's homestead exemption prior to satisfying any judgment liens. Cal. Civ.Proc.Code § 704.850(a) (West 1987). The proceeds are exempt for a period of six months after the time the proceeds are actually received by the debtor, except that, if a debtor applies the proceeds to other property of the debtor, the proceeds are thereafter not exempt. Cal.Civ.Proc.Code § 704.720(b) (West 1987).

■ Had the Amiris filed a declaration of homestead, it is clear that the Bureau's judicial lien would have been avoided. Since no declaration of homestead was filed, the judicial lien did attach to the Amiris' residence.

## 3. Impairment of Homestead Exemption

Our next step is to determine whether the judicial lien impaired the Amiris' homestead exemption. The bankruptcy court, relying on *Chabot*, denied the Amiris' motion because the judicial lien did not impair the homestead exemption within the meaning of § 522(f).

The Amiris argue that *Chabot* is distinguishable since this case involves no surplus equity which would impair the homestead exemption. As support for this proposition, the Amiris rely on *In re Kopstein*, 163 B.R. 573 (Bankr.N.D.Cal.1994).

In *Kopstein*, the debtor, who had approximately $30,000 in equity, attempted to avoid a $219,000 judicial lien. The bankruptcy court determined that the judicial lien could be avoided because the debtor's equity was consumed by the homestead exemption.

We note that *Kopstein* has been reversed on appeal by the district court. *See Ellison v. Kopstein*, 171 B.R. 879, 880 (N.D.Cal.1994)

("The Bankruptcy Court was clearly in error in avoiding the judicial lien....."). We also note that the Amiris' reliance in their opening brief upon *Kopstein* is misplaced on appeal, since that decision was reversed on August 10, 1994, well before this Panel's February 15, 1995 briefing letter.

The Amiris argue that the judicial lien should be avoided because it has a clear impact on the Amiris' ability to recover their full homestead exemption. More specifically, the Amiris argue that their exemption would be diminished since they would be required to reduce the sales price of their residence by the amount of the judicial lien in order to voluntarily sell the property.

■ The purpose of the automatic homestead exemption under California law is to protect the debtor in the context of a *forced lien sale*. Cal.Civ.Proc.Code § 704.740(a) (West 1987); *In re Reed*, 940 F.2d 1317, 1321 (9th Cir.1991) ("the 'homestead exemption' in California is merely a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment...."); *In re Anderson*, 824 F.2d 754, 757 (9th Cir.1987).

■ If a debtor seeks homestead protection in the context of a voluntary sale, that debtor must record a declaration of homestead. Cal.Civ.Proc.Code § 704.960 (West 1987); *Anderson*, 824 F.2d at 757.

Should a forced lien sale occur, the Amiris will receive their statutory homestead exemption. Therefore, there could be no diminution in the value of the exemption nor any impairment as defined by *Chabot*, 992 F.2d at 895.

The Amiris' argument that their exemption will be diminished in a voluntary sale is misplaced. The Amiris are only entitled to a homestead exemption in a voluntary sale if they file a declaration of homestead. Since the Amiris did not file a declaration of homestead, they do not possess any exemption rights arising from a voluntary sale.

We also note that debtors are only entitled to certain exemptions to ensure that they receive their fresh start after bankruptcy. In *Chabot*, the Ninth Circuit stated:

We disagree with the Chabots' claim that they must receive post-petition appreciation in their property in order to be afforded their right to a *fresh start.* The Bankruptcy Code allows debtors certain exemptions to ensure they receive a fresh start after bankruptcy. These exemptions are not unlimited, however. In this case, where the debtors claimed state, rather than federal exemptions, the homestead exemption is limited to $45,000 by California law. The Chabots are entitled to this amount and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.

*Chabot,* 992 F.2d at 895 (emphasis added).

■ Applying the reasoning of *Chabot* to this case, we hold that regardless of whether there is little or no equity, the judicial lien did not impair the debtors' homestead exemption under California law.

## V. CONCLUSION

The bankruptcy court correctly concluded that, based on *Chabot,* the Bureau's judicial lien could not be avoided since it did not impair the Amiris' homestead exemption. Accordingly, we AFFIRM.