**In re David BALL; Willie Mae Ball, Debtors.**

**David BALL; Willie Mae Ball, Appellants,**

v.

**PAYCO–GENERAL AMERICAN CREDITS, INC.; Wells Fargo Bank, Appellees.**

**BAP No. NC–94–1778–ROMe.**

**Bankruptcy No. 91–47169.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 23, 1995.

Decided July 28, 1995.

Melanie M. Darling, Oakland, CA, for appellants.

No appearance made by appellees.

Before RUSSELL, OLLASON and MEYERS, Bankruptcy Judges.

### OPINION

**PER CURIAM:**

The debtors in this case moved to avoid two judicial liens pursuant to § 522(f)(1)[1] as impairing their homestead exemption. The bankruptcy court held that the exemption

was not impaired and therefore denied the motion. We AFFIRM.

### I. FACTS

The facts are not in dispute. On November 8, 1991, the debtors/appellants, David and Willie Mae Ball ("Balls") filed a joint chapter 7 petition. On the petition date, the Balls' residence in Oakland, California, had a fair market value of $130,000. The property was encumbered by a first trust deed in favor of San Francisco Federal Bank in the amount of $60,000. It also was encumbered by a judicial lien recorded by Wells Fargo Bank N.A. ("Wells") in the amount of $8,283.74 and a $4,920.19 judicial lien recorded by Payco–General American Credits, Inc. ("Payco").

On April, 13, 1994, the Balls filed a motion pursuant to § 522(f) to avoid two judicial liens asserted against the Balls' residence located in Oakland, California. The Balls claimed an automatic homestead exemption under California law in the amount of $75,-000.

Although no responses to the motion were filed, the bankruptcy court disapproved the Balls' order avoiding the judicial liens, concluding that their homestead exemption was not impaired. The Balls appeal.

### II. STANDARD OF REVIEW

"The determination of a homestead exemption based on undisputed facts is a legal conclusion interpreting statutory construction which is reviewed *de novo*." *In re Mayer*, 167 B.R. 186, 188 (9th Cir. BAP 1994). *See also In re Chabot*, 992 F.2d 891, 893 (9th Cir.1993); *In re Jones*, 180 B.R. 575, 577 (9th Cir. BAP 1995).

### III. DISCUSSION

On June 19, 1995, the Bankruptcy Appellate Panel issued an opinion, *In re Amiri*, 184 B.R. 60 (9th Cir. BAP 1995), involving the identical issues presented in this appeal. Like the case at hand, *Amiri* involved the automatic homestead created by

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

California statute. In *Amiri*, the Panel held that a judicial lien on the debtors' residence was not avoidable under § 522(f). The Panel reasoned that regardless of whether there was little or no equity in a debtor's residence, a judicial lien could not impair the debtor's homestead under California law. At oral argument of this case, counsel for the Balls conceded that *Amiri* is not distinguishable from the instant case.

Generally, the doctrine of *stare decisis* provides that "when the court has once laid down a principle of law as applicable to a given state of facts, it will adhere to that principle and apply it in future cases where the facts are substantially the same." Russell Moore, *Stare Decisis* 4 (1958). The *stare decisis* principle has long been "a cornerstone of the common law," Jeffrey Brookner, *Bankruptcy Courts and Stare Decisis: The Need for Restructuring*, 27 U.Mich.J.L.Ref. 313, 313 (1993), and continues to thrive.

Numerous opinions of the Ninth Circuit Court of Appeals hold that a panel from that court is bound by decisions of prior panels of the court unless an *en banc* decision, Supreme Court decision or subsequent legislation undermines those decisions. *See, e.g., In re Visness*, 57 F.3d 775 (9th Cir.1995); *U.S. v. State of Wash.*, 872 F.2d 874, 880 (9th Cir.1989); *State of Montana v. Johnson*, 738 F.2d 1074, 1077 (9th Cir.1984); *United States v. Depaoli*, 139 F.2d 225, 226 (9th Cir.1943) (prior decision which was "indistinguishable on principle" constituted "binding precedent"); *In re Motor Products Mfg. Corporation*, 85 F.2d 318, 320–21 (9th Cir.1936) (finding no change in California law and no new California decisions on the issue, "[w]e are therefore constrained to follow our own previous holding"). The Court of Appeals has said that to the extent the prior decision rested on state law, a change in that state's statutory and common law also would permit the panel to reconsider the issues. *Visness*, 57 F.3d at 778, *supra*.

Although the Bankruptcy Appellate Panel has not recently specifically declared that we are bound by our prior decisions, the *stare decisis* principle has been regularly observed in our adherence to prior BAP decisions. *See In re Windmill Farms, Inc.*, 70 B.R. 618, 622 (9th Cir. BAP 1987), *rev'd on other grounds*, 841 F.2d 1467 (9th Cir.1988) (stating any decision not concluding that BAP decisions are binding throughout the entire circuit are in error). Moreover, we have recognized that the BAP was created in part to provide a uniform and consistent body of bankruptcy law throughout the Ninth Circuit. *In re Proudfoot, III*, 144 B.R. 876, 878 (9th Cir. BAP 1992). Plainly, compliance with precedent encourages uniformity of result. Brookner, *supra*, 318–19.

■ Although the Courts of Appeals may reassess cases *en banc* pursuant to 28 U.S.C. § 46(c) and Fed.R.App.P. 35, the Bankruptcy Appellate Panel has no procedure for *en banc* review. Nevertheless, our decisions have a much greater opportunity for review than those of the Court of Appeals. BAP decisions are reviewed as a matter of course by the Ninth Circuit as long as the appellant complies with the procedures for bringing an appeal, while review of Court of Appeals decisions depends upon the slim possibility of a majority of the Circuit voting to hear the case *en banc* or upon the Supreme Court granting a writ of *certiorari*. The Ninth Circuit Court of Appeals' strict conformance to *stare decisis* principles should be followed by the BAP.

■ As stated by the Supreme Court:

Very weighty considerations underlie the principle that courts should not lightly overrule past decisions. Among these are the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and expeditious adjudications by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments."

*Moragne v. States Marine Lines*, 398 U.S. 375, 403, 90 S.Ct. 1772, 1789, 26 L.Ed.2d 339 (1970). We will not overrule our prior rulings unless a Ninth Circuit Court of Appeals decision, Supreme Court decision or subsequent legislation has undermined those rulings. We follow the *Amiri* decision an-

nounced last month and AFFIRM the holding that the Balls may not avoid the judicial liens on their residence.[2]

---

**2.** No inferences should be drawn that absent *Amiri,* the Panel would or would not have decided this issue differently.