

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DANIELA M. FARINA,<br><br>　　　　　　　Debtor. | BAP Nos. NC-23-1060-GFS<br>NC-23-1073-GFS<br>(Related Appeals) |
| CLAUDIO NICOLOSI; DANIELA M. FARINA,<br>　　　　　　　Appellants,<br>v.<br>JANINA M. HOSKINS, Chapter 7 Trustee,<br>　　　　　　　Appellee. | Bk. No. 22-10021<br><br>**MEMORANDUM**[*] |

Appeals from the United States Bankruptcy Court
for the Northern District of California
William J. Lafferty, III, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

In these related appeals, chapter 7[1] debtor Daniela M. Farina

("Debtor") and her father, Claudio Nicolosi, each appeal the bankruptcy

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

court's order imposing civil sanctions, jointly and severally against them, for willful violations of court orders.

The bankruptcy court entered an Order for Judgment of Possession and Writ of Assistance ("Order of Possession") which required Debtor and Mr. Nicolosi to immediately vacate real property belonging to the estate. The court later granted the motion for civil sanctions filed by chapter 7 trustee, Janina M. Hoskins ("Trustee"), against Debtor and Mr. Nicolosi for violations of the Order of Possession and the automatic stay.

Debtor's violation of the Order of Possession was conclusively established by Debtor's admissions and a final judgment based on the same conduct in Trustee's adversary proceeding to deny Debtor's discharge under § 727(a)(6)(A). But Trustee did not provide clear and convincing evidence that Mr. Nicolosi violated the Order of Possession. The court's alternative basis for sanctions—that Mr. Nicolosi willfully violated the automatic stay by obtaining possession or control of estate property—also fails because the automatic stay terminated by operation of law before the alleged stay violation.

Accordingly, we AFFIRM the court's sanctions order as to Debtor and REVERSE it as to Mr. Nicolosi.

## FACTS

**A.    Prepetition events and Debtor's prior chapter 13 bankruptcy**

Debtor's current chapter 7 bankruptcy case has spawned twenty appeals,[2] several of which relate to the real property located on First Avenue in Napa, California (the "Property"). The Property, and a second residential property located on Euclid Avenue in Napa, California, were owned by Debtor and her former business partner and boyfriend, Victor Alam, with each holding a 50% interest as tenants in common. After the relationship deteriorated in 2020, Mr. Alam filed an action in state court for partition and to appoint a receiver.

After the state court appointed a receiver, Debtor filed a chapter 13 petition. Mr. Alam filed a motion to excuse turnover of the properties under § 543(d)(1), and for stay relief to allow the receivership and other state court litigation to continue. The day before the hearing on Mr. Alam's motion, Debtor voluntarily dismissed the case, and the court entered the dismissal order on October 28, 2021.

According to the receiver, Debtor "occupied" the Property from July 31, 2021, until sometime prior to the receiver's inspection on November 17,

---

[2] We borrow much of our recitation of prepetition events from recent decisions issued in Debtor's four other appeals: *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1235-CFS, 2023 WL 5334078 (9th Cir. BAP Aug. 18, 2023); *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1232-FSC, 2023 WL 5202392 (9th Cir. BAP Aug. 14, 2023); *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1233-SCF, 2023 WL 5165405 (9th Cir. BAP Aug. 11, 2023); and *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1071-TBF, 2022 WL 17484959 (9th Cir. BAP Dec. 7, 2022).

3

2021. The receiver concluded that the Property was vacant because of an absence of furniture and personal items, missing appliances and fixtures, and a missing thermostat. The receiver installed a continuous live feed camera at the Property which showed Debtor periodically visiting the Property but not living there.

**B.  Debtor's chapter 7 bankruptcy, possession of the Property, and the Order of Possession**

On January 18, 2022, Debtor filed a chapter 7 petition. As of the petition date, Debtor had seven lawsuits pending against Mr. Alam in various stages of litigation. The bankruptcy court granted Mr. Alam's motions for stay relief to prosecute vexatious litigant and domestic violence claims in state court, and to excuse turnover of the Euclid Avenue property. This allowed the receiver to complete a pending sale and deposit the sale proceeds with Trustee. Mr. Alam then reached a settlement with Trustee that provided for Mr. Alam's release of an abstract of judgment and waiver of his ownership interest in the Property in exchange for release of the estate's claims against him and dismissal of the pending state court actions. The court approved the compromise, and we affirmed. *In re Farina*, 2022 WL 17484959, at *2.

On March 3, 2022, Trustee inspected the Property with the receiver and Trustee's proposed real estate broker and obtained possession from the receiver. The Property was vacant and empty, other than boxes and moving items in the garage. Although the receiver had changed the locks,

he informed Trustee that he believed Debtor had entered the Property because of a broken window in the guest bathroom.

The next day, on March 4, 2022, Trustee's proposed broker arrived at the Property to assess its value and begin efforts to market the Property.[3] Mr. Nicolosi confronted the broker and told him that the Property belonged to his daughter, and that he was removing items from the house that belonged to her. Mr. Nicolosi stated that he was unaware of the receivership or bankruptcy and, after being shown a copy of Trustee's appointment and several pages from Debtor's bankruptcy filing, claimed the documents were fake.

Later that day, the Napa County Sheriff's Deputy ("Sheriff") arrived at the Property and spoke with Mr. Nicolosi and Debtor but declined to remove them from the Property. On March 5, 2022, a private investigator hired by Mr. Alam arrived at the Property and observed Debtor and two others apparently removing items from the Property. The investigator also observed Mr. Nicolosi sitting in his vehicle while parked on the street near the Property.

On March 7, 2022, Trustee filed an ex parte application for an order for judgment of possession and writ of assistance. Mr. Alam joined Trustee's application. The same day, the bankruptcy court entered the Order of Possession, which stated: (1) an order for judgment of possession

---

[3] Trustee filed an application to employ the broker on March 5, 2022, and the bankruptcy court entered the order employing the broker on March 6, 2022.

is entered for the Property in favor of Trustee, effective immediately upon entry of the order; (2) the Property is property of the estate and any action to assert possession over the Property, by anyone other than Trustee, is a violation of the automatic stay; (3) immediately upon entry of the order, any and all occupants of the Property, including but not limited to Debtor and Mr. Nicolosi, "shall immediately vacate the Property upon the posting of this Order to the exterior of the Property;" and (4) any proper law enforcement agency is authorized to immediately remove Debtor, Mr. Nicolosi, or any other occupant from the Property and secure the Property while Trustee changes the locks and takes any necessary action to ensure her sole access. The bankruptcy court also issued a writ of assistance and notice of order granting writ of assistance and notice to vacate, which directed the United States Marshals Service ("USMS") to post the writ and notice to the front door of the Property, coordinate with Trustee to secure possession of the Property, and use reasonable force to remove all occupants from the Property.

On March 10, 2022, Debtor filed a motion to stay enforcement of the Order of Possession until the March 14, 2022 hearing on her pending motion to dismiss the case.[4] Debtor admitted that she received the Order of Possession and writ of assistance on March 10, 2022, when they were

---

[4] The bankruptcy court denied Debtor's motion to dismiss. Debtor appealed the court's decision to the BAP but subsequently dismissed her appeal. *See* BAP No. 22-1067.

posted on the front door of the Property, and she attached the documents as exhibits. In support of her request to stay the Order of Possession, Debtor claimed that she lived at the Property with her elderly parents and minor children, and the Property was specially equipped for Debtor's visual disability.[5]

In response, Trustee filed a motion for contempt. Trustee maintained that the Order of Possession and writ of assistance were posted at the Property on March 10, 2022, but the Sheriff refused to enforce the order because the writ was directed to the USMS. Trustee questioned Debtor's claim that she lived at the Property with her minor children because the Property was vacant and uninhabited, and Debtor's children were not minors.

A few days later, on March 14, 2022, the bankruptcy court held a hearing on several pending matters, at which Debtor appeared and argued. The court briefly addressed Trustee's motion for contempt but declined to rule on it. The court noted that if the Sheriff enforced the Order of Possession, the motion for contempt would be unnecessary, and based on Trustee's assertion that she was having difficulty getting assistance from the Sheriff, the court entered an amended Order of Possession and writ of assistance which specifically directed the Sheriff to enforce the order.

---

[5] As we previously noted in *Farina*, 2023 WL 5165405, at *2 n.3, an order on Debtor's motion for stay does not appear in the record. However, Trustee later represented that Debtor's motion "did not succeed," which Debtor did not dispute, and the court's later rulings are consistent with an implicit denial of the stay motion.

On March 24, 2022, Trustee obtained possession of the Property when the USMS posted the original writ of assistance on the Property and waited while Trustee changed the locks.

## C. Trustee's adversary proceeding to deny discharge and motion for contempt

In April 2022, Trustee filed an adversary complaint objecting to Debtor's discharge under § 727(a)(2), (4), and (6). In June 2022, Trustee moved for partial summary judgment on the § 727(a)(6) claim. Trustee argued that Debtor was aware of the Order of Possession when it was posted on March 10, 2022, and she willfully refused to obey the order by not immediately vacating the Property. Trustee contended that undisputed facts demonstrated that Debtor's violation was willful, including Debtor's false claims that: (1) her minor children lived with her at the Property; (2) both of her elderly parents lived with her at the Property and removing her mother might kill her due to her illness; and (3) the Property was specially outfitted for her visual impairment disability.

On July 1, 2022, while the motion for partial summary judgment was pending, Trustee filed a motion for contempt against Debtor and Mr. Nicolosi. Trustee alleged that Debtor and Mr. Nicolosi each willfully violated the stay by obtaining possession and exercising control over the Property. Trustee further alleged that both Debtor and Mr. Nicolosi intentionally violated the Order of Possession, which was posted at the Property on March 10, 2022, and they made no effort to return exclusive

possession of the Property to Trustee, such as by turning over keys or communicating with Trustee to arrange return of possession. Trustee argued that Debtor and Mr. Nicolosi should be jointly liable for civil sanctions including compensatory damages and attorney's fees incurred by Trustee in restoring possession.

In opposition to Trustee's contempt motion, Debtor argued that the automatic stay terminated pursuant to § 362(c)(3)(A), prior to the alleged violation in March 2022. Although Debtor did not dispute her violation of the Order of Possession, she maintained that sanctions were not warranted because the order did not warn of the possibility of sanctions and Trustee did not present evidence that Debtor knew that failure to comply with the Order of Possession would result in sanctions. Debtor filed a declaration in support of her opposition which indicated that she resided at the Property since January 18, 2022, and remained in possession of the Property until March 17, 2022, when the amended Order of Possession was posted at the Property. Debtor maintained that she never knew that staying in her house violated the automatic stay.[6]

In reply, Trustee argued that the automatic stay terminated only "with respect to a debt or property securing such debt or with respect to

---

[6] Mr. Nicolosi filed an untimely opposition to Trustee's motion for contempt in which he asserted that he was unaware of any court order regarding the Property. The bankruptcy court struck the opposition and additionally found that Mr. Nicolosi was not credible.

9

any lease," and the actions of Debtor and Mr. Nicolosi were outside of the limited scope of termination. Trustee attempted to distinguish *Reswick v. Reswick (In re Reswick)*, 449 B.R. 362, 373 (9th Cir. BAP 2011), by asserting that its analysis makes sense only in a chapter 13, and regardless, there was no dispute that Debtor and Mr. Nicolosi violated the Order of Possession. Finally, Trustee acknowledged cases holding that a contemnor must be warned of possible sanctions resulting from a failure to comply, but she contended that Debtor and Mr. Nicolosi were amply warned despite the omission of specific language in the Order of Possession.

On September 26, 2022, the court held a hearing on Trustee's partial motion for summary judgment and Trustee's motion for contempt. The court granted Trustee's contempt motion and held that Debtor and Mr. Nicolosi willfully violated the stay. The court acknowledged *Reswick*, but disagreed with its reasoning, and instead held that the stay terminated only with regard to Debtor, not the estate.

The bankruptcy court also determined that Debtor and Mr. Nicolosi willfully violated the Order of Possession. It concluded that neither Debtor nor Mr. Nicolosi took reasonable steps to comply with the order and they did not argue that they were unable to comply. The court reasoned that both parties were adequately warned of sanctions despite the omission of specific language in the Order of Possession and reasoned that the notice of bankruptcy specifically warned that violations of the stay could result in damages.

Turning to Trustee's partial motion for summary judgment, the court held that Debtor was aware of the Order of Possession and willfully refused to comply with it. The court determined that Debtor's actions were willful as demonstrated by misrepresentations in her motion to stay the Order of Possession.

On September 30, 2022, the bankruptcy court entered a written order granting Trustee's motion for contempt and holding Debtor and Mr. Nicolosi jointly liable for damages in an amount to be proven by Trustee. The same day, the court entered a written order granting Trustee' motion for partial summary judgment. After Trustee dismissed the remaining claims in the adversary proceeding, Debtor appealed, and we affirmed. *In re Farina*, 2023 WL 5165405, at *4-6.

## D. Mr. Nicolosi's motion for reconsideration and the order for sanctions

Mr. Nicolosi filed a motion, pursuant to Civil Rule 59, made applicable by Rule 9023, for reconsideration of the contempt order. He argued that Trustee failed to plead or show that he knew of the Order of Possession or conspired with Debtor to violate it, and because Trustee failed to allege a prima facie case against him, the court should not have held him in contempt.

Trustee opposed and argued that a Civil Rule 59 motion could not be used to raise arguments or present evidence which could have been raised earlier. In reply, Mr. Nicolosi reiterated that Trustee did not describe or

11

present clear and convincing evidence that Mr. Nicolosi exercised possession of the Property or that he was at the Property on or after March 7, 2022, when the Order of Possession was issued. Mr. Nicolosi argued that Trustee did not allege that he had keys to return or any authority or ability to do anything regarding the Property, other than to immediately vacate upon receipt of the Order of Possession, which he claimed he did.

The bankruptcy court denied the motion. The court reasoned that Mr. Nicolosi was aware of the Order of Possession, and according to Debtor's statement, Mr. Nicolosi was still living at the Property on March 10, 2022.

In February 2023, Trustee filed a motion to set the amount of sanctions against Debtor and Mr. Nicolosi. Trustee sought damages of $21,435.66, consisting of attorney's fees and costs incurred in restoring exclusive possession of the Property to Trustee. Trustee supported her request with billing records and declarations from counsel.

Debtor and Mr. Nicolosi each opposed Trustee's request. Debtor argued that Trustee was not entitled to fees incurred after she vacated the Property on March 17, 2022, and she disputed whether the billing entries were related to Trustee's efforts to restore possession.

Mr. Nicolosi argued that sanctions were not warranted because he complied with the Order of Possession by vacating the Property, and the order did not specify any other act which he was required to perform in turning over exclusive possession to the Trustee. He asserted that he did

12

not disobey a specific court order once he left the Property with no intention of returning on either March 4 or 5, 2022. Mr. Nicolosi also questioned the time and rate billed by Trustee's attorneys.

At the hearing on Trustee's motion, the court declined to revisit whether Debtor and Mr. Nicolosi were liable for the sanctions, and it determined that Trustee's requested fees were reasonable and appropriate. The court entered an order awarding Trustee sanctions and holding Debtor and Mr. Nicolosi jointly liable for damages in the amount of $21,379.66.[7] Debtor and Mr. Nicolosi each timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by holding Debtor in contempt and imposing sanctions?

Did the bankruptcy court abuse its discretion by holding Mr. Nicolosi in contempt and imposing sanctions?

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to hold a party in civil contempt and to impose sanctions. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003). A bankruptcy court abuses

---

[7] Trustee voluntarily reduced her request by $56, which represented 0.1 hours of work.

13

its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

### A.     Legal standards for contempt sanctions

Pursuant to § 105(a), bankruptcy courts have authority to hold parties in contempt and impose compensatory or coercive sanctions to remedy violations of specific orders, including violations of the automatic stay. *See In re Dyer*, 322 F.3d at 1189-90; *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted); *see also Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

The contemptuous nature of a litigant's conduct is determined by application of an objective standard. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) ("[A] party's subjective belief that she was complying with an

14

order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable."); *see also In re Dual-Deck Video Cassette Recorder Litig.*, 10 F.3d at 695 ("The contempt need not be willful, and there is no good faith exception to the requirement to obedience to a court order." (cleaned up)). However, subjective intent is not always irrelevant, and "civil contempt sanctions may be warranted when a party acts in bad faith." *Taggart*, 139 S. Ct. at 1802 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).

Before entering civil sanctions, the bankruptcy court must find that the contemnor "had sufficient notice of [the order's] terms and the fact that he would be sanctioned if he did not comply." *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1028 (9th Cir. 2004).

## B. The bankruptcy court did not abuse its discretion by imposing civil contempt sanctions against Debtor.

Debtor argues that the court erred because Trustee failed to prove that she violated the automatic stay or a court order, and the Order of Possession did not warn Debtor that she could be sanctioned if she failed to comply. We disagree.

Trustee clearly proved that Debtor had notice of the Order of Possession on March 10, 2022, and refused to obey the order by immediately vacating the Property. On appeal, Debtor claims that she immediately vacated the Property as soon as she was aware of the Order of Possession and writ of assistance. But in her declaration filed in support of

15

her motion to stay the Order of Possession, Debtor acknowledged she received the Order of Possession and writ on March 10, 2022. And in her declaration in support of her opposition to sanctions, Debtor admitted she vacated the Property on March 17, 2022, only after the amended writ of assistance was posted at the Property.

Moreover, the bankruptcy court's summary judgment denying Debtor's discharge conclusively establishes that Debtor willfully refused to obey the Order of Possession. We affirmed that decision, and it is now law of the case.

Under the law of the case doctrine, a court is barred from reconsidering an issue previously decided in the same court or a higher court in the same case.[8] *FDIC v. Kipperman (In re Com. Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)); *see also Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir. 1979) ("[U]nder the 'law of the case' doctrine one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case."). Law of the

---

[8] The main bankruptcy case and associated adversary proceedings are considered the "same case" for purposes of law of the case doctrine. *See GXP Cap., LLC v. Argonaut Mfg. Servs., Inc. (In re Bioserv Corp.)*, BAP No. SC-22-1213-BGF, 2023 WL 4084824, at *6 (9th Cir. BAP June 20, 2023); *Rickert v. Specialized Loan Servicing, LLC (In re Rickert)*, BAP No. MT-20-1100-BGF, 2020 WL 7043609, at *4 (9th Cir. BAP Dec. 1, 2020), *aff'd*, No. 21-600003, 2021 WL 5985026 (9th Cir. Dec. 16, 2021).

case doctrine applies where the issue was decided, either expressly or by necessary implication. *In re Com. Money Ctr., Inc.*, 392 B.R. at 832.

In affirming the summary judgment, we expressly decided the issue by holding:

> [T]he Order of Possession required [Debtor] to immediately vacate the Property. [Debtor] was aware of the Order of Possession and her obligation to vacate the day it was posted . . . . [Trustee] produced evidence that [Debtor] knowingly sought to avoid her obligation to immediately vacate the Property on false grounds, thereby meeting her burden to prove that Debtor willfully or intentionally failed to comply with the Order of Possession.

*In re Farina*, 2023 WL 5165405, at *6.

The doctrine is nonjurisdictional and discretionary, but "the earlier decision should be followed, unless: (1) substantially different evidence was produced at a subsequent trial; (2) there has been an intervening change in controlling authority; or (3) the decision was clearly erroneous and its enforcement would work a manifest injustice." *Aalfs v. Sims (In re Straightline Invs., Inc.)*, BAP No. NC-04-1497-PSBr, 2005 WL 6960231, at *2 (9th Cir. BAP Apr. 6, 2005), *aff'd sub nom, Aalfs v. Wirum (In re Straightline Invs. Inc.* 525 F.3d 870 (9th Cir. 2008) (cleaned up). We typically apply the law of the case doctrine unless one of the above-referenced exceptions applies. *See Am. Express Travel Related Servs. Co. v. Frascilla (In re Fraschilla)*, 235 B.R. 449, 454 (9th Cir. BAP 1999), *aff'd,* 242 F.3d 381 (9th Cir. 2000) (citations omitted). None of the exceptions apply here.

We agree that civil sanctions for violating court orders require adequate notice that failure to comply is sanctionable, but the Order of Possession provided sufficient notice. The terms of the Order of Possession are clear: Debtor and Mr. Nicolosi were required to immediately vacate the Property. And though the order does not expressly state that failure to vacate could result in sanctions, it does state that any act to assert possession of the Property would be considered a violation of the automatic stay. As we discuss below, the stay terminated prior to the alleged violation, but the warning of a potential stay violation serves as a clear warning to Debtor and Mr. Nicolosi that failure to immediately vacate the Property could result in compensatory damages.

Additionally, Debtor offers no argument that she would have acted differently had the Order of Possession contained a more explicit warning of sanctions, and thus, any insufficiency of warning was harmless error. *See Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015) ("Generally speaking, we ignore harmless error."); Civil Rule 61, made applicable by Rule 9005 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect a party's substantial rights.").

**C.** **The bankruptcy court abused its discretion by imposing civil contempt sanctions against Mr. Nicolosi.**

**1.** **The record does not demonstrate that Mr. Nicolosi violated the Order of Possession.**

Trustee did not prove by clear and convincing evidence that Mr. Nicolosi violated a specific and definite order of the court. Trustee presented evidence that Mr. Nicolosi was at the Property on March 4, 2022, when Trustee's proposed broker arrived at the Property, and he was in his vehicle, on the street in front of the Property, on March 5, 2022. But there is no credible evidence in the record that Mr. Nicolosi was at the Property any time after the Order of Possession was issued on March 7, 2022.

The bankruptcy court initially reasoned that Mr. Nicolosi violated the Order of Possession by refusing to return possession to Trustee, and Trustee argues that Mr. Nicolosi was required to turn over keys to the Property and communicate with Trustee or her professionals to arrange to return possession. But the Order of Possession contains no such terms.

Because "civil contempt is a severe remedy, . . . principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." *Taggart*, 139 S. Ct. at 1802. The Order of Possession requires only that Debtor and Mr. Nicolosi immediately vacate the Property.[9]

---

[9] The writ of assistance and notice of granting writ of assistance and notice to vacate both state that, pursuant to the Order of Possession, all occupants were "required to vacate the Property immediately and turnover exclusive possession of the Property"

19

In denying Mr. Nicolosi's motion for reconsideration, the court relied on Debtor's claim in her motion to stay the Order of Possession, that as of March 10, 2022, she was living at the Property with her elderly parents. Not only were Debtor's unsworn statements not evidence, but the court had already determined those statements were false. Trustee did not present clear and convincing evidence that Mr. Nicolosi violated the Order of Possession, and consequently, the court abused its discretion by entering contempt sanctions against him for violating the order.

### 2. Mr. Nicolosi did not violate the automatic stay because it terminated in its entirety before March 4, 2022.

Debtor filed her chapter 7 case within one year of dismissal of her prior chapter 13. Mr. Nicolosi argues that pursuant to § 362(c)(3)(A), the automatic stay terminated in its entirely 30 days after her petition date, on February 17, 2022. *See In re Reswick*, 446 B.R. at 373. Trustee contends that Mr. Nicolosi waived any argument that the stay expired by failing to raise the issue in the bankruptcy court.

We typically treat issues raised for the first time on appeal as waived. *See Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 20014) ("In general, a federal appellate court does not consider an issue not passed upon below." (cleaned up)). Although Mr. Nicolosi did not

---

to Trustee. The writ of assistance and accompanying notice of writ and notice to vacate were issued by the clerk of the court, pursuant to Civil Rule 70(d). Neither document is an order of the court directed to Debtor and Mr. Nicolosi.

raise the issue in the bankruptcy court, Debtor did, and the bankruptcy court addressed it. Moreover, we have discretion to consider arguments raised for the first time on appeal when the issue is purely one of law and does not depend on the factual record developed below, or the pertinent record has been fully developed. *Id.* Whether the stay terminated under § 362(c)(3)(A) is purely a legal issue, which we do not treat as waived. *See In re Reswick*, 446 B.R. at 365 ("A bankruptcy court's interpretation of the bankruptcy code is reviewed de novo.").

The bankruptcy court disagreed with the reasoning of *Reswick* and declined to apply its holding. The Ninth Circuit has not interpreted § 362(c)(3)(A), but absent a change in law, we are bound by our precedent. *Gaughan v. Edward Dittlof Revocable Tr. (In re Costas)*, 346 B.R. 198, 201 (9th Cir. BAP 2006), *aff'd*, 555 F.3d 790 (9th Cior. 2009) (citing *Ball v. Payco-General Am. Credits, Inc. (In re Ball)*, 185 B.R. 595, 597 (9th Cir. BAP 1995)).

Trustee does not contest the holding of *Reswick*, but she argues it should apply only to cases filed under chapter 13. By its own terms, § 362(c)(3)(A) applies in "a single or joint case . . . filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13." Thus, our interpretation in *Reswick* that § 362(c)(3)(A) "terminates the automatic stay in its entirely on the 30th day after the petition date," is equally applicable to individual cases filed under chapter 7, 11, and 13.

Because § 362(c)(3)(A) terminated the automatic stay in its entirety before March 4, 2022, Mr. Nicolosi's actions did not constitute violations of

the stay as a matter of law. The bankruptcy court abused its discretion by holding Mr. Nicolosi in contempt and imposing civil sanctions under § 105(a) based on his purported willful stay violation.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order entering sanctions as against Debtor, and we REVERSE the order as it pertains to Mr. Nicolosi.